IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL McCARTHY,                    :
                                     :
            Plaintiff,               :    C.A. No. S17C-02-026 NEP
                                     :    In and for Sussex County
      v.                             :
                                     :
LAWRENCE FIFER, ESQ.,                :
TARA BLAKELY, ESQ., and              :
FIRST AMERICAN TITLE                 :
INSURANCE COMPANY,                   :
                                     :
            Defendants.              :

## OPINION AND ORDER

Submitted:  June 1, 2018
Decided:  July 18, 2018

Before the Court is Defendant Larry Fifer's (hereinafter "Defendant Fifer") motion for judgment on the pleadings,[1] Defendant Tara Blakely's (hereinafter "Defendant Blakely") motion for judgment on the pleadings, and Plaintiff Michael McCarthy's (hereinafter "Plaintiff") responses. For the reasons set forth below, Defendant Fifer's motion is **GRANTED** in part and **DENIED** in part, and Defendant Blakely's motion is **GRANTED** in part and **DENIED** in part.

### A. Factual Background

The facts recited are as alleged in Plaintiffs' complaint.[2] Some time prior to 2015, Plaintiff used the services of Defendant Fifer as his real estate attorney to

---

[1] Defendant Fifer initially brought a motion to dismiss, but an oral motion to convert to a motion for judgment on the pleadings was granted at the hearing held June 1, 2018.

[2] *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012) (on a motion for judgment on the pleadings, "the Court must accept all the complaint's well-pled facts as true and construe all reasonable inferences in favor of the non-moving party").

purchase and title twenty-seven investment properties (hereinafter the "Investment Properties"). In January of 2015, Plaintiff, individually, filed for bankruptcy, using Defendant Blakely as his bankruptcy attorney. In March of 2015, the trustee for Plaintiff's bankruptcy estate (hereinafter the "Trustee") abandoned certain of the Investment Properties, as they were worth less than the mortgages owed, and these properties (hereinafter the "Abandoned Properties") reverted to Plaintiff personally.[3]

The Trustee, however, discovered that Defendant Fifer had titled twelve of the Investment Properties in Plaintiff's personal name and under the entity Abba First, LLC (hereinafter the "Mistitled Properties"), rather than titling them to MJM Management Corp. (hereinafter "MJM"), which was responsible for the mortgages on the properties. The Mistitled Properties were mortgaged to County Bank, which also discovered that the titles on the Mistitled Properties did not match the loan documents. Due to the title defect, the Trustee considered the Mistitled Properties unsecured and did not abandon them, but instead began to collect rents and attempt to market the Mistitled Properties for sale.

County Bank, along with an unnamed title insurance company (hereinafter "Title Insurance Company"), initiated an adversarial proceeding to protect County Bank's interest in the Mistitled Properties. Eventually, Title Insurance Company settled with the Trustee to recognize County Bank's mortgage rights and cure the title defects by a transfer of the Properties out of Plaintiff's name and into MJM's name. The

---

[3] *In re Lyn*, 483 B.R. 440, 451 (Bankr. D. Del. 2012) ("The debtor holds abandoned property as if no bankruptcy had been filed.").

2

Trustee also released rents collected for these properties to County Bank to be allocated towards the Mistitled Properties' mortgages.

County Bank issued Plaintiff an ultimatum that if he did not reimburse County Bank for its expenses incurred in the adversarial action, and take back the Mistitled Properties on the original mortgage terms, County Bank would foreclose on all the Investment Properties. Plaintiff was unable to come to a decision by the next business day, and County Bank foreclosed, through cross-collateralization, on all the Investment Properties.

As a result of the above, Plaintiff brought breach of contract and malpractice claims against Defendants Fifer and Blakely. Plaintiff specifically alleges that Defendant Fifer committed breach of contract and malpractice by failing to title the Mistitled Properties to MJM, and as a result, Plaintiff lost all of the Investment Properties. Plaintiff alleges that Defendant Blakely committed breach of contract and malpractice by failing to review the titles of all the Investment Properties and subsequently failing to take the necessary actions to protect them from loss during the bankruptcy proceedings.

## B. Arguments of Parties

Defendant Fifer moves for judgment on the pleadings, arguing that Plaintiff has failed to allege an injury in fact, and that dismissal is appropriate for lack of standing. According to Defendant Fifer, MJM, not Plaintiff, lost the mistitled properties in foreclosure, and Plaintiff suffered no injury from any alleged mistitling, as the Mistitled Properties were transferred into his bankruptcy estate without his having paid for them.

3

Defendant Blakely moves for judgment on the pleadings, arguing that Plaintiff failed to identify any specific contractual term Defendant Blakely allegedly breached or instruction that she failed to follow. Defendant Blakely also argues that Plaintiff lacks standing to bring a malpractice claim, as he personally suffered no injury, and further, according to 11 U.S.C. § 541(a), that only the Bankruptcy Trustee may assert claims that arose pre-petition or that impact the bankruptcy estate.

Plaintiff responds that he has suffered damages and has standing to bring the malpractice claims. At the hearing, Plaintiff's counsel acknowledged that the breach of contract claims against the Defendants were improper, and did not oppose their dismissal.

## C. Discussion

On motions for judgment on the pleadings, the moving party bears the burden of demonstrating that "there are no material issues of fact and that he is entitled to judgment as a matter of law."[4] Upon this Court's review, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of

---

[4] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000). The cases cited here are addressing the standard for motions to dismiss; however, the standard for judgment on the pleadings is "almost identical to the standard for a motion to dismiss." *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012).

circumstances susceptible of proof."[5] Finally, "a *pro se* pleading is judged by a 'less stringent standard' than a pleading or document filed by an attorney."[6]

### i.    Defendant Fifer's Motion for Judgment on the Pleadings

As indicated earlier, on a motion for judgment on the pleadings, the moving party, here Defendant Fifer, bears the burden of demonstrating entitlement to judgment as a matter of law. Defendant Fifer has not met that burden with regard to the malpractice claim because he has failed to rule out any possibility susceptible of proof under the complaint that Defendant suffered an injury-in-fact.

The complaint alleges that MJM held and operated the Mistitled Properties to provide Plaintiff with income, retirement funds, and other benefits, and that Plaintiff lost these benefits due to the foreclosures allegedly caused by Defendant Fifer's malpractice. Moreover, Plaintiff's complaint alleges that the Trustee abandoned certain of the Investment Properties, which then reverted to Plaintiff personally, and that these Abandoned Properties were also lost in the foreclosure that occurred as a result of Defendant Fifer's breach.

In short, Plaintiff's complaint adequately alleges that the titling of the Mistitled Properties into his name caused him harm. County Bank held Plaintiff responsible for reimbursing its expenses relating to the title dispute. Plaintiff's failure to meet this demand resulted in the loss of all Investment Properties, including those that had been

---

[5] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97. (Del. 2002).
[6] *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982). Plaintiff filed his complaint as a *pro se* litigant and later retained counsel.

abandoned and thus were held by Plaintiff personally. The Court is bound to accept Plaintiff's allegations as true at this stage.[7]

### ii.    Defendant Blakely's Motion for Judgment on the Pleadings

Turning to Defendant Blakely's motion, Defendant Blakely argues that Plaintiff's claim belongs to the Trustee and not to Plaintiff, pursuant to 11 U.S.C. § 541(a). According to 541(a)(1), the property of the estate generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Defendant Blakely argues that according to the complaint, Plaintiff's malpractice claim against her arose pre-petition, and therefore only the Trustee can assert it.

Defendant Blakely largely relies on the Third Circuit's decision *In re O'Dowd*,[8] in which that court determined that a post-petition malpractice claim belonged to a plaintiff's bankruptcy estate, not to the plaintiff personally.[9] In *O'Dowd*, the plaintiff filed a malpractice claim against her real estate attorney, Sevack, who represented the plaintiff in purchasing an apartment building that later turned out to be a bad investment, and led to the plaintiff filing for bankruptcy.[10] The Sevack malpractice claim became a part of the plaintiff's bankruptcy estate.[11] The plaintiff then hired two additional attorneys, Trueger and Biunno, to sue Sevack for malpractice.[12] When

---

[7] *Savor Inc.*, 812 A.2d at 896–97.
[8] 233 F.3d 197 (3d Cir. 2000).
[9] *Id.* at 202.
[10] *Id.* at 199–200.
[11] *Id.*
[12] *Id.*

Trueger and Biunno omitted certain claims and allowed the statute of limitations to run, the plaintiff filed a second malpractice suit against them as well.[13]

The *O'Dowd* court's main inquiries, in determining whether the second malpractice suit belonged to the plaintiff or to the bankruptcy estate, were (1) whether the attorneys' breach of professional duty that proximately caused the plaintiff's damages occurred before or after the petition, and (2) whether the alleged malpractice injured the bankruptcy estate, or only the debtor personally.[14] The *O'Dowd* court found that even though Trueger and Biunno's actions constituting alleged malpractice did not occur until after the petition, the claim was traceable to pre-petition conduct: the first malpractice suit belonged to the estate, and any devaluation in its value caused by the two attorneys' malpractice was an injury suffered by the estate alone.[15] The *O'Dowd* Court concluded that "only in the post-petition situation where the debtor is personally injured by the alleged malpractice, while the estate is concomitantly not affected, is it appropriate to assign the malpractice to the debtor."[16]

Here, the complaint's allegations leave open the possibility that the claim belongs to Plaintiff and not to the estate—in other words, they allow a scenario under which Plaintiff would be entitled to recover. In Delaware, legal malpractice claims accrue at the time of the alleged malpractice, or when the plaintiff learns or should have learned of the malpractice.[17] Plaintiff's complaint alleges twelve separate acts or omissions constituting malpractice by Defendant Blakely, but does not indicate the

---

[13] *Id.*

[14] *Id.* at 204.

[15] *Id.*

[16] *Id.*

[17] *Estate of Stiles v. Lilly*, 2011 WL 5299295, at *3 (Del. Super. Oct. 27, 2011).

dates on which these acts were performed or the dates on which Plaintiff learned of these acts. Defendant Blakely does not contend that Plaintiff knew or should have known about each of the alleged acts of malpractice before the petition. Defendant Blakely's failure to show that the malpractice claim was pre-petition property weighs against a finding that it belongs to the Trustee.

Further, the complaint's allegations demonstrate that the instant case is highly distinguishable from *O'Dowd*. In *O'Dowd*, the first malpractice action, the Sevack suit, belonged to the estate, and therefore the estate suffered the primary loss resulting from omitted claims in that action. In contrast here, the complaint indicates that after the Trustee discharged the Abandoned Properties, Plaintiff held them "as if no bankruptcy had been filed," [18] and the Trustee was divested of "any interest in the propert[ies]."[19] The subsequent loss of the Abandoned Properties, due to Defendant Blakely's alleged negligence, inflicted no injury whatsoever to the estate, which had abandoned them. Therefore, concerning the loss of the Abandoned Properties at least, the complaint alleges damages that Plaintiff suffered personally, while the estate was unaffected.[20] This also convinces the Court that Plaintiff's allegations are sufficient to establish standing and some damages such that he may present his malpractice claim against Defendant Blakely.

---

[18] *In re Lyn*, 483 B.R. 440, 451 (Bankr. D. Del. 2012).

[19] *Spiro v. Vions Tech. Inc.*, 2014 WL 1245032, at *9 (Del. Ch. Mar. 24, 2014) (*citing In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 637 (Bankr. E.D. Pa. 1999)).

[20] Having found that complete dismissal of the malpractice claim is inappropriate at this stage, the Court does not determine which, if any, of the other injuries are potentially recoverable. Such a determination is better made at the summary judgment phase, with the benefit of more discovery and more targeted argument from the parties.

**WHEREFORE**, for the foregoing reasons, Defendant Fifer's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's claim for breach of contract and **DENIED** as to Plaintiff's claim for malpractice; and Defendant Blakely's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's claim for breach of contract and **DENIED** as to Plaintiff's claim for malpractice.

**IT IS SO ORDERED**.

/s/Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress*
oc:  Prothonotary
xc:  All Counsel of Record