**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  February 6, 2020
Draft Report:
Date Submitted:   December 17, 2019

Steven Schwartz, Esquire
Schwartz & Schwartz
1140 South State Street
Dover, DE 19901

Scott G. Wilcox, Esquire
Moore & Rutt, P.A.
The Mill
1007 North Orange Street, Suite 437
Wilmington, DE 19801

RE:   *Cynthia R. Kane v. NVR, Inc.*
      C.A. No. 2019-0569-PWG

Dear Counsel:

This action involves a homeowner seeking equitable rescission of the sale of a house to her by the homebuilder, and cancellation of the deed, based upon intentional misrepresentation and trespass related to defective conditions in the home, including mold contamination and high levels of volatile organic compounds. Pending before me is the builder's motion to dismiss, which argues that the Court of Chancery lacks subject matter jurisdiction because the

homeowner has an adequate remedy at law, and that she has failed to plead sufficient facts to support claims of intentional misrepresentation or trespass. I recommend the Court deny the motion to dismiss for lack of subject matter jurisdiction because the evidence is not sufficient to show the homeowner has an adequate remedy at law, and also deny the motion to dismiss for the failure to state a claim related to the intentional misrepresentation and trespass upon which relief can be granted. This is a final report.

## I.    Background

On January 18, 2019, Plaintiff Cynthia Kane ("Kane") purchased a property ("Property" or "house") located at 36391 Tee Box Boulevard, Frankford, Delaware from Defendant NVR, INC., trading as Ryan Homes ("Ryan Homes"). The deed conveying title to Kane was recorded.[1] Kane alleges that, at the pre-settlement inspection on January 18, 2019, David Marshall ("Marshall"), Kane's son, noticed water around the foundation and reiterated previously expressed concerns to Ryan Homes' project manager about mold in the house, based upon Marshall's and Kane's medical conditions. Kane asserts that Ryan Homes' project manager provided assurances that the crawlspace design ensured there would be no mold.[2] The defects disclosure form completed by Ryan Homes at settlement replied "no,"

---

[1] Docket Item 6, ¶ 12.

[2] *Id.*, ¶¶ 7, 9.

to the question of whether the seller was aware of anything else it should disclose to the buyer that "may materially and adversely affect the property."[3]  Following the January 18, 2019 settlement on the Property, Kane and Marshall stayed at the house until January 20, 2019. Kane subsequently returned to the house on several occasions until January 29, 2019, when, while at the house, she discovered workers underneath the house removing insulation and spraying the chemical Microban. Kane alleges that the workers told her the house had tested positive for mold and they had been hired by Ryan Homes to remediate it.  She contacted Ryan Homes' project manager who advised that "due to increased rainfall, a few houses in the development tested positive for mold and he had the mold remediation company check [Kane's] house while they were in the neighborhood and it too had tested positive for mold."[4]  According to Kane, air quality testing conducted inside the house on February 20, 2019 disclosed the presence of elevated levels of volatile organic compounds (VOC's) higher than environmentally acceptable; testing on July 29, 2019 showed levels of VOC's acceptable to an average person but that would act as respiratory irritants to a person with Kane's sensitivities; and air quality and surface testing on September 16, 2019 disclosed the presence in the air

---

[3] *Id.*, Ex. B.

[4] *Id.*, ¶ 24.

and on surfaces of elevated levels of mold in the kitchen and crawlspace requiring remediation.[5]

On July 23, 2019, Kane filed a complaint for equitable rescission of the contract in which she purchased the Property from Ryan Homes, and for cancellation of the deed. On October 2, 2019, Kane filed an amended complaint, in which she claims that, at the time of purchase, Ryan Homes knew of, and fraudulently concealed from her, the existence of possible or actual mold contamination in her house. And, that its contractor entered onto the Property after settlement to inspect for mold contamination and to perform temporary remediation work without her consent. She also asserts that, prior to, and at, settlement, Ryan Homes was made aware of her particular concerns regarding mold contamination in the house, given her and Marshall's medical conditions. She argues that she has suffered damages, including the cost of the house, its diminution in value, maintenance costs and costs for substitute housing, because she is unable to reside in the house due to the contamination and the house is effectively unmarketable for sale.

On October 31, 2019, Ryan Homes filed a motion to dismiss the action under Court of Chancery Rule 12(b)(1) arguing that Kane is not seeking equitable relief but has an adequate remedy at law for monetary damages based upon breach

---

[5] *Id.*, ¶¶ 30, 31.

4

of contract. Ryan Homes also moved to dismiss Kane's claims regarding intentional misrepresentation or trespass under Court of Chancery Rule 12(b)(6), arguing that Kane has not plead sufficient facts to show the elements required for intentional misrepresentation, or damages resulting from the trespass.

On December 2, 2019, Kane responded that she cannot be made whole with money damages or through an action at law since the Superior Court cannot compel payment to the mortgagee, a non-party, which would leave her subject to personal liability claims. She also asserts that the Superior Court cannot cancel a deed, causing a multiplicity of lawsuits, and pursing the case in the Superior Court would burden her because she would be forced to collect on the judgment. She also refutes that she has not provided sufficient factual support for her claims of intentional misrepresentation or for trespass.

Ryan Homes' December 17, 2019 reply brief reiterated that the Superior Court can award Kane full, fair and complete relief through money damages for mold remediation and other damages and that remediation will eliminate the need to cancel the sale or deed. Ryan Homes also argues that the need for post-trial execution to collect the judgment does not give the Court of Chancery jurisdiction, and equitable rescission cannot make Kane whole because she would remain subject to the mortgage.

## II.    Analysis

### A. Does Kane have an adequate remedy at law for her rescission claim?

Ryan Homes argues that this action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Kane has an adequate remedy at law in the form of monetary damages based upon breach of contract, and she has not shown the Property is unmarketable.  Kane seeks rescission of her purchase of the Property from Ryan Homes and cancellation of the deed transferring the Property, alleging she was induced to complete the purchase based upon Ryan Homes' intentional misrepresentations.

The Court of Chancery is a "court of limited jurisdiction" and acquires subject matter jurisdiction in cases where there is a "request for an equitable remedy when there is no adequate remedy at law."[6]  If a plaintiff has a full, adequate and complete remedy at law, the Court of Chancery does not have subject matter jurisdiction.[7]  In determining whether equitable jurisdiction exists, the Court focuses on "the allegations of the complaint in light of what the plaintiff really

---

[6] *Yu v. GSM Nation, LLC*, 2017 WL 2889515, at *2 (Del. Ch. July 7, 2017) (citation omitted); *see also Athene Life & Annuity Co. v. Am. Gen. Life Ins. Co.*, 2019 WL 3451376, at *4 (Del. Ch. July 31, 2019).

[7] *Yu*, 2017 WL 2889515, at *3 (citation omitted); *Russell v. Universal Homes, Inc.*, 1991 WL 94357, at *2 (Del. Ch. May 23, 1991).

6

seeks to gain by bringing his or her claim."[8]  "[T]he appropriate analysis requires a 'realistic assessment of the nature of the wrong alleged and the remedy available in order to determine whether a legal remedy is available and fully adequate.'"[9]

Rescission seeks to 'unmake' or 'cancel' an agreement and to return the parties to the *status quo ante*.[10]  "Common grounds for rescission of a contract for the sale of real property include fraud, misrepresentation and mistake."[11] Rescission can be sought at law or in equity.  Equitable rescission "is a form of remedy that provides equitable relief beyond a judicial declaration of contract invalidity or award of money or property and seeks to restore the plaintiff to his original condition."[12]  Quoting Chancellor Allen:

> A court of law may, upon adjudication of a contract dispute, determine, where the elements of the claim are proven, that a contract

---

[8] *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004).

[9] *Id.* (citation omitted); *Prestancia Mgmt. Grp., Inc. v. Virginia Heritage Found., II LLC*, 2005 WL 1364616, at *3 (Del. Ch. May 27, 2005) ("In determining whether equitable jurisdiction exists, this Court will look beyond the language of a complaint and examine the substance and nature of the relief being sought.").

[10] *See Norton v. Poplos*, 443 A.2d 1, 4 (Del. 1982); *Ravenswood Inv. Co., LP v. Estate of Winmill*, 2018 WL 1410860, at *21 (Del. Ch. Mar. 21, 2018), *as revised* (Mar. 22, 2018), *reargument denied,* 2018 WL 1989469 (Del. Ch. Apr. 27, 2018), and *aff'd,* 210 A.3d 705 (Del. 2019); *Catamaran Acquisition Corp. v. Spherion Corp.*, 2001 WL 755387, at *4 (Del. Super. May 31, 2001).

[11] *Norton*, 443 A.2d at 4; *Wilson v. Pepper*, 1989 WL 268077, at *2 (Del. Ch. Dec. 21, 1989), *dismissed,* 1991 WL 89895 (Del. Super. May 3, 1991), *rev'd,* 608 A.2d 731 (Del. 1992).

[12] *Creative Research Mfg. v. Advanced Bio-Delivery LLC*, 2007 WL 286735, at *7 (Del. Ch. Jan. 30, 2007).

7

has been rescinded, and enter an order restoring plaintiff to his original condition by awarding money or other property of which he had been deprived. Equitable rescission, on the other hand, which is otherwise known as cancellation, is a form of remedy in which, in addition to a judicial declaration that a contract is invalid and a judicial award of money or property to restore plaintiff to his original condition is made, further equitable relief is required. Thus, the remedy of equitable rescission typically requires that the court cause an instrument, document, obligation or other matter affecting plaintiff's rights and/or liabilities to be set aside and annulled, thus restoring plaintiff to his original position and reestablishing title or recovering possession of property.[13]

To determine whether equitable jurisdiction exists here, I consider the true nature of Kane's claim, or what she really seeks to gain by bringing her claim. Kane seeks to rescind the agreement based upon Ryan Homes' alleged intentional misrepresentations, or fraudulent concealment, about whether the Property was subject to mold contamination, the return of the monies paid for the Property, and other damages. Complicating factors include that there is a recorded deed conveying the Property to Kane, and that Kane executed a mortgage, encumbering the Property. Kane seeks relief beyond that available through legal rescission, which would allow for the invalidation of the sale of the Property and the return of the money, because she seeks to cancel the deed transferring the Property to her, which would reestablish title to the Property in Ryan Homes, and would affect

---

[13] *E.I. Du Pont De Nemours & Co. v. HEM Research, Inc.*, 1989 WL 122053, at *3 (Del. Ch. Oct. 13, 1989).

8

legal rights to the Property, including those of a third party, the mortgagee.[14] There is not sufficient evidence that the Superior Court can afford a complete remedy if Kane's claims are ultimately proven, under the circumstances.[15] Alternatively, the Court of Chancery can provide full, fair and complete relief. I recommend that the Court deny the motion to dismiss under Rule 12(b)(1) because the Court of Chancery has subject matter jurisdiction over Kane's equitable rescission claim.

### A. Standard of Review under Court of Chancery Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6) for failure to state claim upon which relief can be granted, the Court accepts all well pleaded factual allegations as true, with even vague allegations considered as "well pleaded" if they give the opposing party notice of the claim.[16] All reasonable inferences are drawn in favor

---

[14] The effect of the mortgage on the rescission claim remains to be addressed, including whether the mortgagee for the Property, NVR Mortgage Finance, Inc., needs to be joined in the action under Court of Chancery Rule 19.

[15] Ryan Homes argues that Kane has not shown that the house is unmarketable to demonstrate that money damages are insufficient, to which Kane responds that she is seeking equitable rescission and not the costs for making the house marketable. The issue of the marketability of the Property is not addressed here. Kane also argues that she does not have an adequate remedy at law because she would have to execute on a Superior Court judgment. However, I do not find that argument as relevant to determining the adequacy of Kane's remedy at law in this case.

[16] *See RBC Capital Markets, LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 639 (Del. 2014) (citation omitted); *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (citing *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896-97 (Del. 2002)); *Prairie Capital III, L.P. v. Double E Holding Corp.,* 132 A.3d 35, 49 (Del. Ch. 2015) (citation omitted).

of the non-moving party, and the Court should "deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[17]   Conclusions in the complaint are not accepted as true without allegations of facts to support them, although a broad brush is used in determining sufficiency of claims – whether the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof.  If the plaintiff pleads any set of facts that would entitle her to relief, then the motion to dismiss fails.

### B. Does Kane fail to state a claim for intentional misrepresentation upon which relief can be granted?

Ryan Homes seeks to dismiss Kane's claims regarding intentional misrepresentation under Rule 12(b)(6), arguing that Kane has not plead sufficient facts to show the elements required for intentional misrepresentation.  Kane seeks equitable rescission because she claims intentional misrepresentations by Ryan Homes' agents about whether the house was subject to actual or possible mold contamination induced her to purchase the Property.

Generally, a party asserting intentional misrepresentation, or fraudulent concealment, must prove: "(1) Deliberate concealment by the defendant of a

---

[17] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *see also In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d at 168; *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 880 (Del. Ch. 2009).

material past or present fact, or silence in the face of a duty to speak; (2) That the defendant acted with scienter; (3) An intent to induce plaintiff's reliance upon the concealment; (4) Causation; and (5) Damages resulting from the concealment."[18] A misrepresentation "may arise through words, deliberate concealment of material facts or silence in light of a duty to speak."[19] Further, under Court of Chancery Rule 9(b), fraud must be plead with particularity. To satisfy Rule 9(b), the factual circumstances of the fraud in the complaint must "refer to the time, place, and contents of the false representations; the facts misrepresented; the identity of the person(s) making the misrepresentation; and what that person(s) gained from making the misrepresentation."[20]

Ryan Homes argues that Kane has not sufficiently plead three of the elements of fraudulent concealment – deliberate concealment of possible mold contamination, scienter or intent to induce reliance on concealment. Kane's complaint details specific discussions about Kane and Marshall's sensitivities to mold contamination interactions between Ryan Homes' agents and Kane and Marshall, occurring both pre-construction and immediately preceding settlement;

---

[18] *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987).

[19] *Messick v. Moore*, 1994 WL 643188, at *5 (Del. Ch. Oct. 26, 1994).

[20] *Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, 906 A.2d 168, 207-08 (Del. Ch. 2006), *aff'd sub nom. Trenwick Am. Litig. Tr. v. Billett*, 931 A.2d 438 (Del. 2007); *see also Zebroski v. Progressive Direct Ins. Co.,* 2014 WL 2156984, at *7 (Del. Ch. Apr. 30, 2014) (citations omitted).

that Ryan Homes' agents responded with assurances that the house's crawlspace design would prevent the occurrence of moisture and mold contamination; the defects disclosure form completed at settlement, in which Ryan Homes denied awareness of anything it should disclose to the buyer that "may materially and adversely affect the property"; the existence of standing water around the house's foundation at the time of settlement; Ryan Homes' admission that the house had mold contamination and completion of mold remediation work 11 days after settlement, without advising Kane of the existence of mold or its intent to perform remediation. Drawing all inferences in Kane's favor, I find the elements of intentional misrepresentation, or fraudulent concealment, have been sufficiently plead to survive a motion to dismiss, and that Rule (9) standards have been met.[21] I recommend the Court deny the motion to dismiss Kane's equitable rescission claim for failure to state a claim upon which relief can be granted.

### C. Does Kane fail to state a claim for trespass upon which relief can be granted?

Kane's trespass claim alleges that Ryan Homes caused the unauthorized entry by mold remediation workers onto the Property without her knowledge or consent. Ryan Homes seeks to dismiss Kane's trespass claim under Rule 12(b)(6),

---

[21] Although it "ultimately [may] prove impossible for the plaintiff to prove [her] claims at a later stage of a proceeding, . . . that is not the test to survive a motion to dismiss." *Cent. Mortg. Co.*, 27 A.3d at 536.

arguing that Kane has not plead sufficient facts to show damages resulting from the trespass. It argues that there is no evidence that the mold remediation work, which constituted the trespass, caused the mold contamination or damages by spraying Microban, since the elevated levels of VOCs in the house initially shown subsequently fell and did not exceed acceptable levels in testing occurring after February of 2019. Kane responds that damages for trespass have been shown, since she and Marshall have not been able to stay in the house following the remediation work.

"In Delaware, an intentional trespass occurs when the plaintiff proves three elements: (1) the plaintiff must have lawful possession of the land; (2) the defendant must have entered onto the plaintiff's land without consent or privilege; and (3) the plaintiff must show damages."[22] "[D]amages for trespass to land are generally a calculation based on the difference between the value of the land before the trespass occurred and the value of the land after the trespass occurred."[23] Using a broad brush to determine sufficient of Kane's claim, I find that she has sufficiently plead damages from the trespass to survive a motion to dismiss. She has alleged that she and Marshall are not able to reside at the Property due, at least

---

[22] *Williams v. Manning*, 2009 WL 960670, at *8 (Del. Super. Mar. 13, 2009).

[23] *J.S.F. Properties, LLC v. McCann*, 2009 WL 1163494, at *2 (Del. Super. Apr. 30, 2009), *aff'd,* 985 A.2d 390 (Del. 2009); *Williams*, 2009 WL 960670, at *9 (citation omitted).

in part, to the levels of VOCs initially caused by the remediation efforts, which could affect the value of the Property. The difficulty with the trespass claim is that it does not serve as a basis for Kane's equitable rescission claim and, as a separate count in this action, it is not an equitable claim (since it can be remedied through monetary damages). However, this Court can exercise its discretion to retain jurisdiction over the trespass claim under the clean-up doctrine, which allows the Court of Chancery to maintain jurisdiction over legal claims if they are part of the same controversy as the claim providing equitable jurisdiction.[24] I recommend the Court deny the motion to dismiss Kane's trespass claim for failure to state a claim upon which relief can be granted, and invoke jurisdiction over that claim under the clean-up doctrine.

## III.    Conclusion

For the foregoing reasons, I recommend the Court deny the motion to dismiss of Defendant NVR, INC., trading as Ryan Homes, under Court of Chancery Rule 12(b)(1) and under Rule 12(b)(6), finding that this Court has

---

[24] *Cf. In re Morrow Park Holding LLC*, 2018 WL 2123280, at *2 (Del. Ch. Mar. 28, 2018); *Organovo Holdings, Inc. v. Dimitrov*, 2017 WL 2417917, at *8 (Del. Ch. June 5, 2017), *judgment entered*, (Del. Ch. 2017); *Kraft v. WisdomTree Investments, Inc.*, 145 A.3d 969, 974 (Del. Ch. 2016).

14

subject matter jurisdiction over Plaintiff Cynthia Kane's equitable rescission claim and that her equitable rescission and trespass claims have been sufficiently plead to survive a motion to dismiss.  This is a final report and exceptions may be taken under Court of Chancery Rule 144.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery