# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LESLIE KESTING,                      )
                                )
    Plaintiff,   )
                                )
    v.           )          C.A. No. N14C-07-095 ALR
                                )
RIVER ROAD SWIMMING CLUB             )
d/b/a RIVER ROAD SWIM CLUB,          )
RIVER TERRACE                        )
COOPERATIVE, INC., UNITED            )
WATER DELAWARE, INC., CITY           )
OF WILMINGTON, DELAWARE,             )
NEW CASTLE COUNTY,                   )
DELAWARE, STATE OF                   )
DELAWARE, and PROGRESSIVE            )
POOL MANAGEMENT, INC.,               )
                                )
    Defendants.  )

Submitted: December 12, 2014
Decided: December 15, 2014

***Upon Defendant River Road Swimming Club's Motion to Dismiss***
**DENIED**

Plaintiff Leslie Kesting alleges that on August 31, 2012, she slipped and fell

into an "open manhole" ("Manhole") at the intersection of Haines Road and River

Road, New Castle County, Delaware. Defendant River Road Swimming Club

filed a motion to dismiss pursuant to Rule 12(b)(6).[1] Plaintiff opposes River Road's motion. The Court heard oral argument.

The Court must accept all well-pled allegations in Plaintiff's complaint as true.[2] A motion to dismiss for failure to state a claim upon which relief can be granted will not be granted if the plaintiff may recover under any conceivable set of circumstances susceptible of proof under the complaint.[3] All reasonable inferences shall be in favor of the non-moving party.[4]

River Road argues that Plaintiff's Complaint should be dismissed because it fails to sufficiently plead the facts and elements required for a negligence claim. However, the threshold for the showing a plaintiff must make to survive a motion to dismiss is low.[5] To survive a motion to dismiss, the Complaint need only give general notice of the claim asserted.[6] Although Plaintiff's Complaint is broadly written, the facts and elements necessary to give River Road general notice of a negligence claim are present. Accordingly, River Road's motion to dismiss must be denied.

---

[1] Super. Ct. Civ. R. 12 (b)(6).
[2] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).
[3] *Spence v. Funk*, 396 A.2d 967 (Del. 1978); *Rawley v. J.J. White, Inc.*, 918 A.2d 316, 319 (Del. 2007).
[4] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).
[5] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[6] *Id. (*quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

**NOW, THEREFORE,** this 15th day of December, 2014, Defendant River Road Swimming Club's Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**