IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FRANKLIN MASON )
)
        Plaintiff, )    C.A. No. K18C-04-034 NEP
)
    v. )    In and For Kent County
)
DOVER FEDERAL CREDIT UNION, )
JEAN MASLAUKAS, and )
CHARLENE NARDO, )
)
        Defendants. )

Submitted: July 31, 2018
Decided: August 22, 2018

## ORDER

Before the Court are the motion to dismiss of Defendants Dover Federal Credit Union (hereinafter "DFCU"), Jean Maslauskas, and Charlene Nardo (hereinafter collectively, "Defendants"), and the response of Plaintiff Franklin Mason (hereinafter "Mr. Mason"). For the reasons set forth below, Defendants' motion is **GRANTED**.

The facts recited are those as alleged in Plaintiffs' amended complaint.[1] On July 1, 2014, Mr. Mason signed a loan agreement (hereinafter the "Agreement") with DFCU in the amount of $27,363.00 financing Mr. Mason's purchase of a 2003 Mercedes Benz SL500 Roadster (hereinafter the "Vehicle") from non-party Wynn Auto Sales. Mr. Mason argues that the Agreement was fraudulent. Specifically, Mr. Mason alleges that DFCU knew that the loan was going to be paid out to Wynn Auto Sales in an amount much greater than the fair value of the Vehicle, and that Mr. Mason would nevertheless

---

[1] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (on a motion to dismiss "all well-pleaded factual allegations are accepted as true"). Mr. Mason filed the amended complaint in response to the Court's July 3, 2018, letter to the parties granting Mr. Mason leave to file a *motion* to amend his complaint. As indicated below, in order to ensure that the merits of this case are presented, the Court has accepted the amended complaint, and will consider it, without requiring Mr. Mason to file a motion to amend.

be liable for the full amount of the loan to DFCU. In essence, Mr. Mason is complaining that DFCU knew he was being defrauded by Wynn Auto Sales but did nothing. Defendants filed the instant motion to dismiss on July 19, 2018. Mr. Mason consequently filed a response on July 26, 2018, and, without seeking leave of Court, filed an amended response on July 30, 2018, prior to the original response deadline of August 3, 2018.

As an initial matter, the Court *sua sponte* grants Mr. Mason leave to file his amended complaint despite the absence of a motion to amend the complaint. In addition, the Court will consider Mr. Mason's amended response to the motion to dismiss, even though he did not request leave of the Court to file it, since it was filed before the August 3 deadline. As the Court indicated in its July 3, 2018, letter, lenience in the enforcement of the rules is not intended to show favoritism towards Mr. Mason, but rather to assure that the merits of the case are adequately presented. The Court gathers from Defendants' lack of objection to Mr. Mason's amended filings that the speedy resolution of this matter is more desirable to both parties than strict observance of formalities.

On a motion to dismiss, the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its [complaint] would the [plaintiff] be entitled to relief."[2] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

---

[2] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000).

[3] *Savor*, 812 A.2d at 896–97.

"A *pro se* pleading is judged by a 'less stringent standard' than a pleading or document filed by an attorney."[4] However, any plaintiff faces an elevated pleading standard when bringing a claim for fraud: "the circumstances constituting fraud . . . shall be stated with particularity."[5] Specifically, a plaintiff's pleading must address the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[6]

The elements of Delaware common law fraud are (1) the defendant made a false representation; (2) the defendant knew the representation was false or made with reckless indifference to the truth; (3) the defendant intended the plaintiff to rely on the representation; (4) the plaintiff justifiably relied upon the representation; and (5) the plaintiff suffered damages.[7] In addition to overt misrepresentations, Delaware Courts have permitted plaintiffs to recover for a defendant's "deliberate concealment of material facts, or . . . silence in the face of a duty to speak."[8]

While Mr. Mason's *pro se* complaint alleges that DFCU knew that Mr. Mason was entering into an unfavorable or even fraudulent contract with Wynn Auto Sales, it fails to identify any false representations made by DFCU or the other Defendants.[9] In

---

[4] *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).

[5] Del. Super. Ct. Civ. R. 9(b).

[6] *Nutt v. A.C. & S., Inc.*, 466 A.2d 18, 23 (Del. Super. 1983).

[7] *Stephenson v. Capano Development, Inc.*, 462 A.2d 1069, 1074 (Del. 1983).

[8] *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992).

[9] The Court notes that Mr. Mason's complaint does describe a letter from Defendant Maslauskas, which Mr. Mason alleges says "that Colleen Wynn Fraudulent Contract is a Valid Contract [sic]." The referenced letter, dated April 24, 2015, which Mr. Mason attached to his amended complaint, in fact reads, "The Loan and Security Agreement and Disclosure Statement you signed, agreeing to the terms disclosed in that agreement, is a valid contract." The amended complaint fails to explain in what respect the statement that the referenced loan agreement is a valid contract constitutes a false representation. Furthermore, there is no allegation that the letter from Ms. Maslauskas was made with knowledge of its falsehood, was intended to induce reliance, or was relied upon. Finally, the Court's consideration of the Maslauskas letter is appropriate in this case because while documents outside the complaint are generally not to be considered on a Rule 12(b)(6) motion, the document may be consulted when it is integral to a plaintiff's claim and is incorporated into the complaint. Here,

addition, Mr. Mason alleges no facts suggesting that Defendants had an obligation to inform him of the discrepancy between the amount of the loan and the fair market value of the Vehicle, nor does he allege that Defendants took any deliberate action to conceal that discrepancy. Therefore, the Court finds that Mr. Mason has failed to allege an essential element of fraud and that dismissal is warranted on that basis alone.

The complaint, as it contains nothing about a fraudulent misrepresentation, is consequently silent concerning other related elements, such as Defendants' knowledge that they had made a false statement, Defendants' intention for Mr. Mason to rely on a false statement, or Mr. Mason's justifiable reliance on such a statement. These other shortcomings additionally and independently require dismissal of Mr. Mason's complaint, particularly in consideration of the elevated pleading standards required even of *pro se* plaintiffs when fraud is alleged.

**WHEREFORE**, for the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via file & ServeXpress & U.S. Mail*
oc: Prothonotary
cc: Counsel of Record
    Franklin Mason

---

because the letter is the alleged false representation about which Mr. Mason complains, it is both integral to his complaint and incorporated into it.