**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

April 4, 2019

Peter C. McGivney, Esquire
John G. Harris, Esquire
Berger Harris LLP
1105 N. Market Street, Suite 1100
Wilmington, Delaware 19801

Michael A. Pittenger, Esquire
Tracey E. Timlin, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19899

Of Counsel for Defendant:
Tony Caliendo, Esquire
Perkins Coie LLP
2901 N. Central Ave. Suite 2000
Phoenix, Arizona 85012-2788

Re:  *BVOIP LLC v. Callinize, Inc. d.b.a. Tenfold*
     <u>C.A. No.: N18C-10-105 VLM</u>

Dear Counsel:

This is the Court's ruling on Defendant's Motion to Dismiss. The Court heard oral arguments on January 14, 2019. For the reasons stated below, Defendant's Motion is **DENIED**.

### *Factual and Procedural Background*

The allegations in the Complaint arise from contract dispute between BVOIP LLC ("Plaintiff") and Callinize, Inc. d.b.a. Tenfold ("Defendant"). Plaintiff provides hosted voice-over-IP ("VoIP") services to managed service providers

across the United States.[1] BVOIP also creates and licenses software integration tools.[2] Defendant produces software integration tools for third parties.[3]

On or about July 29, 2016, the parties allegedly entered into an Agreement where Defendant was "to create certain computer software that would allow BVOIP's customers to integrate VoIP technology with two highly popular remote monitoring and management platforms offered by ConnectWise and AutoTask."[4] The ConnectWise software solution was to be completed by September 25, 2016; the AutoTask software solution by November 25, 2016 (collectively the "Software").[5] Under the Agreement, Plaintiff agreed to pay Defendant $3,000 per month and the parties agreed to a shared revenue model based on the number of users that licensed the software.[6] Defendant had a delay in progress, and released the $3,000 per month minimum, and began to charge Plaintiff on an account-by-account basis until the work was completed.[7] Plaintiff then paid Defendant certain monies under an agreed-upon billing paradigm.[8] The Agreement included a "money back guarantee" provision ("Money Back Guarantee"), that entitled Plaintiff to a return of its entire investment if Defendant was "unable to deliver an integration in line with the mutually agreed upon requirements."[9]

Defendant missed its deadline as to the ConnectWise-related development and it was clear that it was not going to meet its AutoTask-related software development obligations on time.[10] Plaintiff provided Defendant with additional time to complete the project.[11] One year later in November of 2017, Defendant still had not produced or delivered working prototypes of the Software.[12] On November 14, 2017, Defendant terminated the Agreement without cause.[13] Plaintiff sought—but Defendant refused—to return its investment under the Money Back Guarantee.[14]

---

[1] Compl. ¶ 1.
[2] *Id.*
[3] *Id.* ¶ 2.
[4] *Id.*
[5] *Id.* ¶ 4.
[6] Compl. ¶ 5.
[7] *Id.* ¶ 6.
[8] *Id.* ¶ 7.
[9] *Id.* ¶ 8.
[10] *Id.* ¶ 9.
[11] Compl. ¶ 10.
[12] *Id.* ¶ 11.
[13] *Id. See* Pl.'s Opp., Ex. B.
[14] Compl. ¶¶ 12-13.

On October 9, 2018, Plaintiff filed its Complaint, which contains one count of breach of contract and seeks damages of $50,000.[15] On November 7, 2018, Defendant filed its Motion to Dismiss. On November 14, 2018, Plaintiff filed an Opposition to Defendant's Motion.

### *Standard of Review*

For purposes of a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[16] Even vague allegations are considered well-pleaded if they give the opposing party notice of a claim.[17] The Court must draw all reasonable inferences in favor of the non-moving party;[18] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[19] Dismissal of a complaint under Rule 12(b)(6) must be denied if the plaintiff could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[20]

### *Discussion*

Here, Plaintiff alleges that the Agreement is a valid and enforceable contract.[21] Defendant claims Plaintiff does not adequately allege that a valid contract existed either because Plaintiff attached an unsigned document as the contract or because— by the terms of the Agreement—it was not a binding contract.[22] Defendant also argues that the allegations fail to state any cognizable breach or that the Complaint fails to allege facts that could have triggered the Money Back Guarantee.

Given that the well-pled allegations in the Complaint are accepted as true and all reasonable inferences are drawn in favor of Plaintiff, the allegations give Defendant notice of a claim of some contractual relationship between the parties.

---

[15] Compl. ¶¶ 14-21.

[16] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[17] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[18] *Id.*

[19] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

[20] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).

[21] Compl. ¶ 15. *See* Pl.'s Opp. ¶ 6.

[22] Def.'s Mot. ¶ 3.

"No rule says a breach of contract is subject to dismissal merely because the plaintiff fails to attach a signed copy."[23] Additionally, a factual issue in a case, "including the non-existent contract, will not be resolved on a Motion to Dismiss."[24] Also, Plaintiff's Complaint will not be dismissed for failure to attach an executed Agreement.

The Complaint alleges a valid and enforceable contract existed between the parties, that Defendant breached the contract by unilaterally terminating it and not completing the Software for Plaintiff, and that Plaintiff was damaged as a result of Defendant's alleged breach.[25] These factual allegations in the Complaint are sufficient to put Defendant on notice of Plaintiff's claim against it.

Thus, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Vivian L. Medinilla
Judge

---

[23] *Broesler v. Wardens and Vestry of St. Barnabas Episcopal Church*, 2011 WL 2174924, at *4 (Del. Super. Feb. 28, 2018) (finding that an unsigned copy of the alleged contract accompanied by specific allegations was sufficient to survive dismissal).

[24] *Sult v. American Sleep Medicine, Inc.*, 2011 WL 4688730, at *2 (Del. Super. Sept. 28, 2011) (citing *Bryant v. Way*, 2011 WL 2163606, at *5 (Del. Super. May 25, 2011)).