# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JENNIFER SCOTT                              :        C.A.No. K19C-04-023 WLW
                                            :
            Plaintiff,                      :
                                            :
ESTATE OF JAMES MILTON                      :
TALEFF                                      :
            Defendant.                      :


Submitted: December 23, 2019
Decided:  March 25, 2020


## ORDER

Upon Defendant's Motion to Dismiss
Under Superior Court Rule 12(b)(6)
*DENIED*


Gary E. Junge, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware, attorney for the Plaintiff.

William A. Crawford, Esquire & Krista E. Shevlin, Esquire, of Franklin & Prokopik, Newark, Delaware, attorneys for the Defendant.


WITHAM, R.J.

# INTRODUCTION

Presently before the Court is Defendant, the Estate of James Milton Taleff's ("the Estate's"), Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure ("Rule 12(b)(6)"). After considering Defendant's Motion, Plaintiff's Response in Opposition, and the record of this case, it appears to the Court that:

## FACTS AND PROCEDURE

1. On April 13, 2017, Jennifer Scott, Plaintiff in this case, was injured in an automobile accident.[1] Plaintiff filed a complaint against the driver, James Milton Taleff, on April 11, 2019.[2] Sometime after that, Plaintiff found out that Mr. Taleff passed away.[3] Plaintiff filed the first Motion for Enlargement of Time Pursuant to Superior Court Rule 4(j) on June 19, 2019, and it was granted.[4] On October 17, 2019, Plaintiff's counsel opened the Ancillary Estate of James Milton Taleff in Pennsylvania, and a Pennsylvania attorney was named as the Administrator of the Estate.[5] On November 20, 2019, Plaintiff filed a Motion to Substitute Defendants, which was granted.[6] On November 21, 2019, Plaintiff filed an Amended Complaint

---

[1] Plaintiff's Response to Defendant Estate of James Milton Taleff's Motion to Dismiss the Amended Complaint ("Pl. Response") at 4.

[2] *Id.*

[3] *Id.*

[4] *See* Plaintiff's Motion for Enlargement of Time Pursuant to Rule 4(j). Received by the Court of June 19, 2019. It appears from the record that Plaintiff learned about the death of Mr. Taleff sometime after April 11, 2019, but before June 19, 2019.

[5] Defendant Estate of James Milton Taleff's Motion to Dismiss the Amended Complaint ("Def. Mot") ¶ 3. Presumably, around the same time, Mr. Taleff's death was suggested upon the record.

[6] Motion for Substitution Defendants Pursuant to Superior Court Civil Rule 25(a)(1).

naming the Estate as Defendant.[7] On the same day, Plaintiff also filed another Motion for Enlargement of Time Pursuant to Superior Court Rule 4(j) to serve the Estate.[8] Defendant filed a Motion to Dismiss the Amended Complaint for failure to state a claim, and Plaintiff responded.

## PARTIES' CONTENTIONS

2. Defendant argues that the Amended Complaint is barred by the statute of limitations because it was filed over two years from the date of the motor vehicle accident.[9] Defendant states that because the Estate was not notified of the action within the time period required by the Superior Court Civil Rule 15(c)(3) ("Rule 15(c)(3)"), the action is not timely.[10] Plaintiff argues that the notice requirement of Rule 15(c)(3) was, in fact, satisfied in this case because Plaintiff complied with the timing requirements of the Superior Court Civil Rules of Procedure.[11] Plaintiff claims that according to Superior Court Civil Rule 25, she had 90 days after the discovery of Mr. Taleff's death to substitute defendants and 120 days from the date of the original filing to serve the Estate with the Amended Complaint, regardless of the fact that the Statute of Limitations has ran out.[12] Plaintiff further explains that

---

[7] *Id*. Defendant mistakenly referred to the date of the filing as November 21, 2017.

[8] *See* Plaintiff's Motion for Enlargement of Time Pursuant to Rule 4(j). Received on November 21, 2019.

[9] *See Id*. ¶ 4-5.

[10] *See Id*. at ¶ 14. Defendant appears to suggest that according to the Superior Court Civil Rule 15(c)(3), the Estate should have been notified that it was a party to this action within two years from the time the original Complaint was filed.

[11] *See* Pl. Response at 4.

[12] *See Id*. at 3-4; See also Super. Ct. Civ. R. 25(a)(1) (time limit to substitute defendants); Super. Ct. Civ. R. 4(j) (time limit to serve a party after the complaint has been filed).

the time to serve the Estate was properly prolonged by the two subsequent extensions granted by the Court.

## STANDARD OF REVIEW

3. On a motion to dismiss pursuant to Rule 12(b)(6), the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its [complaint] would the [plaintiff] be entitled to relief."[13] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[14]

## DISCUSSION

4. According to 10 *Del. C.* § 8119, "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained…"[15] However, Rule 15 provides for a way to toll the statute of limitations by relating an amendment to the date of the original pleading.[16] Specifically, when it comes to relating the amendment that is based on the change of the party against whom the claim is asserted, certain conditions must be met.[17] The Rule states that

---

[13] *Alpha Contracting Services, Inc.*, 2019 WL 151482, at *1 (Del. Super. Jan. 9, 2019) (citing *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

[14] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).

[15] 10 *Del. C.* § 8119.

[16] *See* Super. Ct. Civ. R. 15.

[17] *See* Super. Ct. Civ. R. 15(c)(3).

the amendment relates back if (1) the claim asserted in the amendment arises out of the same conduct, transaction, or occurrence described in the original pleading, (2) within the period "provided by the statute or these Rules for service…the party to be brought in by amendment (A) has received notice of the institution of the action.., and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[18] Additionally, Rule 25 provides a process of substituting a party and states that in the event of death, a party may be substituted no later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death…"[19] Finally, Rule 4(j) provides that a party must be served within 120 days from the filing of the complaint.[20]

5. Here, it appears that the Amended Complaint was properly filed and served in a manner prescribed by the Rules, and it should relate back to the date of the original filing. First, the claim asserted in the Amended Complaint clearly arose out of the same conduct as the claim asserted in the original pleading because the same claim is presented in both pleadings. Even though the notice to the Estate was given after the statute of limitations ran out, Rule 15(c)(3) provides that *either* the statute *or* the Rules may provide the time limit for the notice. Furthermore, this Court stated that the amendment of Rule 15, which occurred on December 1, 1993, expanded the circumstances that allowed the relation of amendments to the original filing dates.[21]

---

[18] *Id.*

[19] *See* Super. Ct. Civ. R. 25(a)(1).

[20] Super. Ct. Civ. R. 4(j).

[21] *See Lemanski v. Jones*, 1994 WL 636971 at *1 (Del. Super. Apr. 5, 1994).

6. Given the fact that Plaintiff timely filed extensions for the service of the Complaint and also filed a Motion to Substitute Defendants in accordance with the Rules, the filing date of the Amended Complaint should relate back to the date of the original filing. *Taylor v. Champion,* a case quoted by Defendant, is distinguishable from this case because here Plaintiff sought extensions to properly serve or give notice of the action to Defendant.[22] In *Taylor*, it appears that the plaintiff simply waited to file an Amended Complaint and did not follow the proper process for service outlined in the Rules.

7. Moreover, a more recent Delaware case clarified the interpretation of Rule 15.[23] The Court stated that "[i]nterpreting the two rules in conjunction, Rules 15(c)(3) and 4(j) provide that a new party named in the amended complaint must receive notice of the institution of the lawsuit within either the period set forth in the statute of limitations or, if the statute of limitations has since expired, within 120 days of the institution of the action."[24] Therefore, because this Court granted Plaintiff's extensions for serving the Estate under Rule 4(j), the notice was properly given within the time period provided by the Rules.[25] Similarly, the Estate Administrator knew or should have known *within the time period provided by the Rules* that the action would have been brought against the Estate but for the mistake of Defendant's identity because once the death of Mr. Taleff was discovered,

---

[22] *See Taylor v. Champion*, 623 A.2d 1072 (Del. 1997).

[23] *See Concklin v. WKA Fairfax, LLC.*, 2016 WL 6875960 (Del Super. Nov. 16, 2016).

[24] *Id.*

[25] It should be noted that it is not entirely clear when the statement of Mr. Taleff's death was recorded. However, the action should not be dismissed at this point based on the fact that requires clarification, especially given the fact that this Court granted the Motion to Substitute Defendants pursuant to Rule 25.

6

Plaintiff took steps necessary to notify the Estate and to comply with the Superior Court Rules.

## CONCLUSION

8. For the reasons mentioned above, Defendant's Motion to Dismiss is **DENIED.**


**IT IS SO ORDERED.**

/s/William L. Witham, Jr.
Resident Judge