## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MAHOGANNE' SOUL,

          Plaintiff,

   v.

DENISE LAVERN STEPHENS and
SARAH E. WILSON,

          Defendants.

:
:
:
:
:
:
:
:
:
:
:

C.A. No. K20C-07-025 NEP
In and for Kent County

Submitted: October 7, 2020
Decided: November 10, 2020

## ORDER

### *Upon Defendants' Motion to Dismiss*
### GRANTED

### *Upon Plaintiff's Motion to Change Civil Case Type*
### DENIED AS MOOT

Before the Court is the Motion to Dismiss of Defendant Sarah Wilson ("Defendant Wilson"), in which Defendant Denise Stephens ("Defendant Stephens") joins,[1] and the Motion to Change Civil Case Type of Plaintiff Mahoganne' Soul ("Plaintiff").[2] Defendants' motion requests dismissal of all counts of a complaint filed by Plaintiff, who seeks damages relating to the following allegations: (1) Defendants made defamatory statements about Plaintiff; and (2) the Delaware Department of

---

[1] At oral argument, Defendant Stephens, who is self-represented, stated that she wished to join in Defendant Wilson's Motion to Dismiss.

[2] Plaintiff is also self-represented.

Justice (the "Department") brought frivolous and false charges against Plaintiff as a result of Defendants' instigating the Department to do so, which caused her emotional distress. Plaintiff's motion seeks to change the case type as indicated in the case information statement filed with the complaint, which is currently "Defamation," to "Libel." For the reasons set forth below, Defendants' motion will be **GRANTED**. Accordingly, the Court need not render a decision on Plaintiff's motion, and it will be **DENIED** as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts recited are as alleged in Plaintiff's July 15, 2020, complaint.[3] In or about May 2017, Defendants stated to third parties that "Plaintiff is Gay and that Plaintiff is also wooing [Defendant Stephens] to go out with her." Plaintiff avers that Defendants' statement was defamatory and that it has impaired her financial well-being, exposed her to public ridicule and embarrassment, and harmed her reputation.

Plaintiff also contends that Defendants maliciously instigated the Department, using Defendant Wilson's authority as a Department employee, to bring frivolous and false criminal charges against her for the sole purpose of harassing her. Plaintiff was arrested and charged with three crimes, but the charges were dropped via a nolle prosequi dated June 8, 2017. In December 2017, the Department brought other charges against Plaintiff. The Department also entered a nolle prosequi on those charges on May 9, 2018. Plaintiff claims that the charges were brought against her at the behest of Defendants and that they deprived her of several employment opportunities. Plaintiff further alleges that Defendants intentionally and negligently caused her

---

[3] On a motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the non-moving party. *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002).

emotional distress through these actions. For all of her claims, Plaintiff seeks damages of not less than $550,000.

Defendants move to dismiss Plaintiff's complaint, contending that Plaintiff's claims are barred by the applicable statute of limitations. Defendant Wilson also argues that Plaintiff's claims against her must be dismissed under the sovereign immunity doctrine and the Delaware Tort Claims Act.[4]

## **DISCUSSION**

Pursuant to 10 *Del. C.* § 8119, actions alleging defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress must be filed within two years from the date upon which it is claimed that the alleged injuries were sustained.[5] In a suit alleging defamation, the injury occurs at the time the alleged defamatory statement is communicated to a third party.[6] Likewise, in a suit alleging infliction of emotional distress, the statute of limitations begins to run at the time the wrongful act occurred.[7]

Upon review of a motion to dismiss, all well-pleaded allegations in the complaint are accepted as true[8] and the Court must draw all reasonable inferences in the light

---

[4] 10 *Del. C.* § 4001.

[5] *See Williams v. Howe*, 2004 WL 2828058, at *3 (Del. Super. May 3, 2004) (providing that actions alleging slander and/or libel have a two year statute of limitations); *see also Ayres v. Jacobs & Crumplar, P.A.*, 1996 WL 769331, at *7 (Del. Super. Dec. 31, 1996) (providing that actions alleging defamatory acts and other acts that either intentionally or negligently cause emotional distress must be brought within two years from the date of the injury).

[6] *Williams*, 2004 WL 2828058, at *3.

[7] *See, e.g., ISN Software Corp. v. Richards, Layton & Finger, P.A.*, 226 A.3d 727, 732 (Del. 2020), *rearg. denied* (Mar. 20, 2020) (tort claim accrues at time of wrongful act, i.e., time of injury); *see also Rogers v. Bushey*, 2018 WL 818374, at *5 (Del. Super. Feb. 7, 2018), *aff'd*, 195 A.3d 467 (Del. 2018) (stating that an action accrues at the time the tort is committed).

[8] *Spence*, 396 A.2d at 968.

most favorable to the non-moving party.[9] Cognizant of the difficulties faced by *pro se*, or self-represented, plaintiffs, this Court, when appropriate, holds a self-represented plaintiff's complaint to a less demanding standard of review.[10] However, "[t]here is no different set of rules for *pro se* plaintiffs . . . ."[11] The Court's leniency cannot go so far as to affect the substantive rights of the parties.[12] A Court may dismiss a complaint on any one ground and need not address every argument in the motion to dismiss.[13]

As previously indicated, Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. In response, Plaintiff contends that the filing of her claims was delayed because she was attacked by two dogs in November 2019, which required her to seek medical treatment, and because when she had recovered sufficiently to come to the courthouse to file her claims, the courthouse was closed due to the COVID-19 pandemic.

The Court finds based on the allegations in the complaint that Plaintiff's claims were filed beyond the periods set by the applicable statute of limitations. Therefore, her claims are time-barred unless those statutes were tolled, that is, extended.

Regarding Plaintiff's defamation claims, the defamatory statement was allegedly made in or about May 2017. The two-year statute of limitations expired in 2019. The

---

[9] *Savor*, 812 A.2d at 897.

[10] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011) (citing *Vick v. Haller*, 522 A.2d 865 (TABLE), 1987 WL 36716, at *1 (Del. Mar. 2, 1987)).

[11] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[12] *Anderson*, 2011 WL 3654531, at *2.

[13] *See Abrahamsen v. ConocoPhillips Co.*, 2014 WL 2884870, at *5 n.48 (Del. Super. May 30, 2014) (dismissing a case for *forum non conveniens* when the defendant also moved to dismiss based on the plaintiff's failure to state a claim and the statute of limitations).

complaint was filed on July 15, 2020. Therefore, Plaintiff's defamation claims are time-barred.

As for Plaintiff's claims regarding intentional and negligent infliction of emotional distress, any alleged wrongful act occurred, at the latest, on May 9, 2018, the day the Department entered a nolle prosequi on Plaintiff's December 2017 charges. Therefore, the statute of limitations regarding Plaintiff's emotional distress claims would normally have expired no later than May 9, 2020. The statute was tolled as a result of the judicial emergency stemming from the COVID-19 crisis, but as explained below, that tolling did not preserve Plaintiff's claims.

On April 14, 2020, the Delaware Supreme Court published Administrative Order No. 4, which provided as follows: "Statutes of limitations and statutes of repose that would otherwise expire during the period between March 23, 2020 and May 14, 2020 are extended through June 1, 2020."[14] On May 14, 2020, the Delaware Supreme Court published Administrative Order No. 6, which tolled the statute of limitations again, providing as follows: "Statutes of limitations and statutes of repose that would otherwise expire during the period between March 23, 2020 and June 13, 2020 are extended through July 1, 2020."[15] On June 5, 2020, the Delaware Supreme Court published Administrative Order No. 7, stating, "Statutes of limitations and statutes of repose that would otherwise expire during the period between March 23, 2020 and June 30, 2020 are extended through July 1, 2020."[16] That order was the last order to extend any statute of limitations periods. Administrative Order No. 7 required Plaintiff to file

---

[14] Del. Supr. Ct. Admin. Order No. 4, In re COVID-19 Precautionary Measures, ¶ 9 (Apr. 14, 2020).

[15] Del. Supr. Ct. Admin. Order No. 6, In re COVID-19 Precautionary Measures, ¶ 9 (May 14, 2020).

[16] Del. Supr. Ct. Admin. Order No. 7, In re COVID-19 Precautionary Measures, ¶ 7 (June 5, 2020).

her emotional distress claims by July 1, 2020. Plaintiff filed her complaint on July 15, 2020. Therefore, Plaintiff's claim was time-barred unless tolled for some other reason.

A medical emergency is not a recognized exception that tolls a plaintiff's statute of limitations:

> Delaware courts recognize three doctrines that may toll the statute of limitations: (1) inherently unknowable injuries, (2) fraudulent concealment, and (3) equitable tolling. Under the doctrine of inherently unknowable injury, the statute of limitations will be tolled until the point when an injury becomes empirically discoverable. At that time, the plaintiff would be on inquiry notice of a claim and the statute would begin to run. Under the doctrine of fraudulent concealment, the statute of limitations will be tolled if there was an affirmative act of concealment or some misrepresentation that was intended to "put a plaintiff off the trail of inquiry" until such time as the plaintiff is put on inquiry notice. The third tolling doctrine, equitable tolling, applies when a plaintiff "reasonably relies on the competence and good faith of a fiduciary."[17]

Plaintiff contended that she could not meet the statute of limitations period because she was suffering from medical complications as a result of an animal attack. While the Court sympathizes with Plaintiff's situation, that circumstance does not qualify as one of the three exceptions noted above.

Neither did the fact that the courthouse was closed to the public for a period of time during the pandemic relieve Plaintiff of the responsibility to file her complaint in a timely fashion. While the courthouses were temporarily closed to the public during the COVID emergency from March 23, 2020, to June 15, 2020, an alternative method such as a dropbox was provided for filings.[18]

---

[17] *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *15 (Del. Ch. Dec. 23, 2008) (quoting *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *5 (Del. Ch. July 17, 1998)).

[18] Del. Supr. Ct. Admin. Order No. 3, In re COVID-19 Precautionary Measures, ¶ 4 (Mar. 22, 2020).

Moreover, the courthouse was reopened to the public on June 15, 2020, well before the limitations period expired.[19]

Therefore, because Plaintiff's claim for intentional and negligent infliction of emotional distress was filed after the July 1, 2020, deadline, it is time-barred. Because the Court has granted Defendants' motion on statute of limitations grounds, the Court need not address the sovereign immunity and Tort Claims Act issues.

**WHEREFORE**, for the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's complaint is dismissed. Plaintiff's Motion to Change Civil Case Type is **DENIED** as moot.

The dismissal of Plaintiff's complaint, however, does not necessarily resolve this litigation. In response to the complaint, Defendant Stephens filed a document entitled "Counter Complaint" (Docket Item 10). The document appears to be an answer, as it contains responses to the numbered paragraphs of Plaintiff's complaint, but it also has some elements of a counterclaim. Specifically, some of the paragraphs of the document also contain vague allegations against Plaintiff, generally appended to the end of each of those paragraphs and labeled with the term "Countersuit," that appear to arise both from the filing of the complaint itself and from other activities of Plaintiff. However, Defendant Stephens's attempted counterclaim does not comply with the requirements for pleadings set forth in Superior Court Civil Rules 10 and 13, in that the averments are not set forth in separate numbered paragraphs.[20] Accordingly, pursuant to Superior Court Civil Rule 41(e), the Court hereby notifies Defendant Stephens that, within

---

[19] Del. Supr. Ct. Admin. Order No. 7, In re COVID-19 Precautionary Measures, ¶ (2)B.i. (June 5, 2020).

[20] *See* Super. Ct. Civ. R. 10(b).

**fifteen days of the date of this order,** she must show cause why her attempted counterclaim against Plaintiff should not be dismissed for failure to comply with the rules of this Court. In the absence of a timely response, the attempted counterclaim will be dismissed. In the interim, the case shall remain open, and this order shall be considered an interlocutory, or non-final, order.[21]

**IT IS SO ORDERED.**

/s/Noel Eason Primos
Judge

NEP/wjs
*Via File &ServeXpress*
oc:    Prothonotary
        Ms. Mahoganne' Soul
        Ms. Denise Lavern Stephens
        Kenneth L. Wan, Esquire

---

[21] *See Gunzl v. One Off Rod & Custom, Inc.*, 93 A.3d 653 (TABLE), 2014 WL 2565696, at *1 (Del. June 4, 2014) (Supreme Court dismissed appeal of Superior Court's dismissal of plaintiff's complaint because counterclaim remained pending and appellant had not complied with requirements for interlocutory appeals).