**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JOAN F. APPLEBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2023-1039-LM |
| | ) | |
| MARK BATTY and CYNTHIA H. BATTY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

WHEREAS:

A.     On October 16, 2023, Plaintiff Joan F. Appleby filed this action against Defendants Mark Batty and Cynthia H. Batty (collectively, the "Battys") for a declaration that Defendants are violating a deed restriction recorded on January 16, 2015, for the property located at 18 East Third Street, New Castle, Delaware 19720 by constructing an elevator shaft.[1]

B.     Plaintiff and her now-deceased husband, Robert, executed and recorded a Declaration of Restrictions (the "Restrictions") providing that "no extension or enlargement of the existing structures or erection of any additional permanent

---

[1] D. I. 1.

structures shall be permitted on the Property without the prior written approval of" the Plaintiff.[2]

    C.    The Defendants, the Battys, purchased the Property on December 18, 2015, from the Applebys.[3] In 2023, the Defendants completed construction on an elevator shaft in the rear end of the property.[4]

    D.    Defendants responded to the Plaintiff's Complaint on November 13, 2023, filing an Answer and Counterclaim.[5]

    E.    The Answer asserted several affirmative defenses including (among others): failure to state a claim; estoppel; waiver; unclean hands; and laches.[6] The Counterclaim seeks a declaration that the Restrictions are invalid and unenforceable under Delaware law and will no longer encumber the Property moving forward.

    F.    Plaintiff filed this Motion to Dismiss Defendants' Counterclaim under Court of Chancery Rule 12(b)(6) on December 8, 2023, with a supporting memorandum.[7]

---

[2] D. I. 3 at ¶ 1 (citing D. I. 1 (Compl. at Exhibit A)).

[3] D. I. 2 at ¶ 3.

[4] D. I. 7 at ¶¶ 12-18.

[5] D. I. 2.

[6] D. I. 3.

[7] D. I. 3.

G. Defendants opposed the Motion on January 12, 2023[8], and Plaintiff's replied on January 13, 2023.[9]

H. Under Court of Chancery Rule 12(b)(6), the standard of review is settled:

> a. (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[10]

I. "Counterclaims that are 'simply a restatement or specification of the answer denying liability' must be dismissed as contrary to 'the purposes of the [Delaware] Declaratory Judgment Act.'"[11]   Further, "counterclaims that are

---

[8] D. I. 7.

[9] D. I. 8.

[10] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (footnotes omitted) (quoting *Kofron v. Amoco Chems. Corp.*, 441 A.2d 226, 227 (Del. 1982)).

[11] *Quantlab Grp. GP, LLC v. Eames*, 2019 WL 1285037, at *4 (Del. Ch. Mar. 19, 2019), judgment entered, (Del. Ch. 2019), aff'd, 222 A.3d 580 (Del. 2019), and enforcement denied, (Del. Ch. 2020), and aff'd, 222 A.3d 580 (Del. 2019).

redundant of the original claims will be rendered moot by the adjudication of the affirmative claims.[12]

J.      Plaintiff's Motion also seeks her attorneys' fees and costs assessed against the Defendants.

K.      This Court follows the "American Rule" with respect to fee shifting, that "each party is normally obliged to pay only his or her own attorneys' fees, whatever the outcome of the litigation[;]"[13]  This Court has recognized several exceptions to the American Rule, such as bad faith conduct of a party;[14]

**IT IS HEREBY ORDERED**, this 8th day of May 2024, as follows:

1. The Plaintiff's Motion to Dismiss Defendants' Counterclaim is GRANTED. I find that Defendants' counterclaim seeking a declaration that the Restrictions are unenforceable is subsumed in Plaintiff's Complaint which requests the opposite.   While I understand that Defendants seek what appears to be a broader request, because semantically the counterclaim requests a declaration of the enforceability of the Restriction "moving forward,"[15] Count I of the Complaint clearly

---

[12] *Id*.

[13] *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 545 (Del. 1998).

[14] *Id.* at 546.

[15] D. I. 7.

requests the same relief.[16]  In pertinent part, the Complaint requests "a declaration from the Court that the Declaration of Restrictions are enforceable and that Defendants have violated the Declaration of Restrictions with the construction of the elevator shaft."[17]  I read this to include the Restriction's enforceability "moving forward."

2. Both claims seek a declaration regarding the enforceability of the Restrictions. Under Delaware law, redundant counterclaims are rendered moot.[18] Accordingly, Count I of Defendants' counterclaim is HEREBY DISMISSED, without prejudice.

3. Plaintiff's request for attorney's fees is DENIED. There hasn't been sufficient evidence that the Defendants acted in bad faith thereby necessitating fee shifting.

---

[16] D. I. 1.

[17] *Id.*

[18] *See e.g.*, *CSH Theatres, LLC v. Nederlander of San Francisco Assocs.*, 2015 WL 1839684, at *5 n.23 (Del. Ch. Apr. 21, 2015) (defendant's counterclaim was "not at issue ... because it essentially [was] duplicative of" plaintiff's claims); *Metro. Life Ins. Co. v. Tremont Gp. Hldgs., Inc.*, 2012 WL 6632681, at *18 (Del. Ch. Dec. 20, 2012) ("When presented with two redundant or identical claims, a court may decline to consider one claim or the other."); *See also PHL Variable Ins. Co. v. Helene Small Ins. Tr. ex rel. Wilm. Sav. Fund Soc., FSB*, 2012 WL 5382905, at *1 (D. Del. Nov. 1, 2012) (dismissing counterclaims because "[t]he additional matters for which a declaratory judgment is sought are merely restatements of the Defendant's second, fourth, fifth and seventh defenses, and as such, will again be resolved upon adjudication of the underlying claims.").

4. The Parties shall contact my chambers for a trial date and once confirmed, submit a proposed case schedule for my consideration.

5. This is a final report under Court of Chancery Rule 143 and exceptions under Court of Chancery Rule 144 are stayed until a final order is issued on the merits of the remaining claims.

**IT IS SO ORDERED.**

/s/ Loren Mitchell
Magistrate in Chancery