**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| TIDAL INVESTMENTS LLC f/k/a TOROSO INVESTMENTS, LLC,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>JAMES HOFHEIMER,<br><br>Defendant/Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)  C.A. No.: N23C-11-185 EMD CCLD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted:  July 12, 2024
Decided: September 18, 2024

***Order Dismissing Defendant's Amended Counterclaim Without Prejudice***

**DAVIS, J.**

## I.  INTRODUCTION

Defendant James Hofheimer filed an Amended Counterclaim on February 28, 2024.[1]  Mr. Hofheimer alleges that Plaintiff Tidal Investments LLC f/k/a Toroso Investments, LLC ("Tidal") breached Mr. Hofheimer's employment contract and violated Illinois and Delaware wage statutes by withholding compensation Mr. Hofheimer earned during the term of his employment with Tidal.[2]  Mr. Hofheimer asserts that Tidal paid him based on a percentage of the revenue it received from Mr. Hofheimer's clients.[3]  Mr. Hofheimer alleges that Tidal never provided a final accounting of or compensation for the relevant revenue it received prior to his July 2023 resignation.[4]

---

[1]  D.I. No. 12 (hereinafter, "Am. Countercl.").
[2]  *Id.* ¶¶ 18-52.
[3]  *Id.* ¶ 10.
[4]  *Id.* ¶¶ 12-16.

Tidal moved to dismiss Mr. Hofheimer's Amended Counterclaim on March 11, 2024.[5] Tidal primarily argued that Mr. Hofheimer's Amended Counterclaim lacked sufficient factual allegations to support a reasonably conceivable claim.[6] Tidal particularly relied upon Mr. Hofheimer's failure to produce the at-issue employment contract or to cite the applicable contractual provisions.[7] Tidal argued that, at the least, Mr. Hofheimer must submit a more definite statement to provide adequate notice of his claims.[8] Tidal separately asserted that Delaware's Wage Payment and Collection Act (the "Delaware Wage Act"), 19 *Del. C.* § 1101-15, does not apply to Mr. Hofheimer because he did not work in Delaware.

The Court heard oral argument on June 27, 2024.[9] The parties agreed at the hearing that the Court could properly consider Mr. Hofheimer's employment contract; and yet, neither party had submitted the full contract.[10] On June 28, 2024, the Court ordered Tidal to submit the relevant contract.[11] Tidal submitted Mr. Hofheimer's employment agreement (the "Employment Agreement") on July 12, 2024.[12]

## II.    LEGAL STANDARD

Delaware's pleading standards are "minimal."[13] Upon a motion under Superior Court Civil Rule 12(b)(6), the Court: (1) accepts all well-pleaded factual allegations as true; (2) accepts even vague allegations if they provide the movant with notice of the claim; (3) draws all reasonable inferences in favor of the non-movant; and (4) denies the motion "unless the [non-

---

[5] D.I. No. 13 (hereinafter, "Mot.").
[6] *Id.* at 7-12.
[7] *Id.* at 7-10.
[8] *Id.* at 11-12.
[9] D.I. No. 31.
[10] Mr. Hofheimer had submitted a photograph of a single page of the purported contract as an exhibit to his Opposition Brief. *See* D.I. 21 (hereinafter, "Opp'n"), Ex. B.
[11] D.I. No. 32.
[12] D.I. No. 33, Ex. 1 (hereinafter, "Empl. Agmt.").
[13] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).

movant] could not recover under any reasonably conceivable set of circumstances susceptible of proof."[14]

"Delaware has a strong public policy favoring resolution of cases on their merits."[15] Relatedly, "leave [to amend a pleading] shall be freely given when justice so requires."[16] "Leave to amend pleadings 'should be freely given unless there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like.'"[17] Futility refers to a legal deficiency in the claim that would prevent any amended pleading from withstanding Rule 12(b).[18]

### III.    DISCUSSION

There is a legal deficiency in Mr. Hofheimer's Delaware Wage Act claim.[19] That statute applies to employees "suffered or permitted to work by an employer in this State."[20] Employees who perform work for Delaware corporations entirely outside of Delaware's borders are not covered by that language. "Under our federal system of co-equal state sovereigns, Delaware can readily regulate within its borders, but cannot regulate the wages of an individual working in another state, outside of Delaware's jurisdiction."[21] Mr. Hofheimer acknowledges he "worked at [Tidal]'s office in the state of Illinois.[22] Therefore, Mr. Hofheimer's claim under the Delaware Wage Act is legally unavailable.

---

[14]  *Id.* (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).
[15]  *In re Proton Pump Inhibitors Prods. Liab. Litig.*, 2023 WL 5165406, at *12 (Del. Super. Aug. 11, 2023) (quoting *Waterhouse v. Hollingsworth*, 2013 WL 5803136, at *3 (Del. Super. Oct. 10, 2013)).
[16]  Del. Super. Ct. Civ. R. 15(a).
[17]  *FinClusive Cap., Inc. v. Q2 Software, Inc.*, 2021 WL 5225860, at *5 (Del. Super. Oct. 28, 2021) (quoting *Pettit v. Counter Life Homes, Inc.*, 2006 WL 2811707, at *1 (Del. Super. Oct. 3, 2006)).
[18]  *Id.* (citations omitted).
[19]  *See* Am. Countercl. ¶¶ 29-39.
[20]  19 *Del. C.* § 1101(a)(4).
[21]  *Klig v. Deloitte LLP*, 36 A.3d 785, 798 (Del. Ch. 2011).
[22]  Opp'n at 14.

Notwithstanding the inapplicability of the Delaware Wage Act, Mr. Hofheimer may have wage claims susceptible of proof. But the Amended Counterclaim does not state any such claims. The Employment Agreement provided to the Court contradicts allegations in the Amended Counterclaim regarding the terms of Mr. Hofheimer's compensation.[23] The Employment Agreement does, however, align with Mr. Hofheimer's basic premise that Tidal paid him in arrears.[24] That suggests Mr. Hofheimer may have been owed a final accounting and payment after his resignation. In sum, the specific allegations in Mr. Hofheimer's Amended Counterclaim do not support a claim to relief, but Mr. Hofheimer conceivably could amend his pleading to state viable claims.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Mr. Hofheimer's Amended Counterclaim is dismissed without prejudice. The Court grants Mr. Hofheimer leave to file a Second Amended Counterclaim.

September 18, 2024
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     File&ServeXpress

---

[23] *Compare* Am. Countercl. ¶ 21 ("In accordance with the employment and compensation agreement, [Tidal] is required to pay 85% of the revenue received on the clients [Mr. Hofheimer] serviced.") *with* Empl. Agmt. at 2 ("[Mr. Hofheimer] will receive compensation equal to fifty percent (50%) of the revenue that [Tidal] earned from both Wealth Accounts and ERISA Accounts attributable solely to [Mr. Hofheimer's] Clients during the immediately preceding quarter."). The Court notes that the Employment Agreement sets forth several conditions and additional forms of compensation. *See* Empl. Agmt. at 1-3.

[24] *See, e.g.*, Empl. Agmt. at 2 (defining Mr. Hofheimer's "Base Salary" as calculated based upon the revenue Tidal earned "in the immediately preceding quarter" and Mr. Hofheimer's "Deferred Bonuses" as calculated "based on results from the prior calendar year").