**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

June 30, 2021

Frederick Freibott, Esq.
Dennis Mason II, Esq.
The Freibott Law Firm, P.A.
1711 East Newport Pike
Wilmington, DE 19804

Sarah Cole, Esq.
Marshall Dennehey Warner Coleman and
Goggin, PC
1007 North Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19801

> RE:    *Kelsey Murray v. Michael Mason, et al.*
>        C.A. No.: N20C-01-254 MAA

Dear Counsel:

This is my decision on Brandywine Valley SPCA's ("BVSPCA") motion to dismiss in the above-referenced action. The plaintiff, Kelsey Murray ("Murray"), filed suit after a dog attack in her friend's house that left Murray with serious injuries. This opinion marks the second occasion that the Court has considered the potential liability of an animal shelter related to a dog attack on private property occurring months after the dog's release from the shelter. For the reasons that follow, I conclude that the Amended Complaint[1] fails to state a reasonably

---

[1]    *See* C.A. No. N20C-01-254 MAA, Docket ("Dkt.") 120, Amended Complaint ("Am. Compl.").

conceivable claim for an undertaking under the Restatement (Second) of Torts §
324A ("Restatement (Second)").  BVSPCA's motion is granted with prejudice.

## I.  Background[2]

Murray filed her initial complaint on January 30, 2020.[3]  BVSPCA filed a
motion to dismiss in response to the complaint on March 23, 2020,[4] and the parties
engaged in subsequent motion to dismiss briefing.  On December 16, 2020, the Court
granted BVSPCA's motion to dismiss with prejudice on all counts except for
Murray's claim pursuant to Restatement (Second) § 324A.[5]  The Court granted
Murray leave to amend her complaint solely to replead her § 324A claim.  Murray
did so on January 7, 2021.[6]  BVSPCA filed a new motion to dismiss (the "Motion")
on January 26, 2021.[7]  The Court held oral argument on March 29, 2021.

## II.  Legal Analysis

BVSPCA has moved to dismiss the Amended Complaint pursuant to Superior
Court Rule of Civil Procedure 12(b)(6).  "When considering a motion to dismiss, the

---

[2]    A lengthy recitation of the facts can be found in *Murray v. Mason*, 244 A.3d
187 (Del. Super. 2020), *corrected* (Jan. 5, 2021) ("*Murray* I").  To the extent any
additional or amended facts from the Amended Complaint need to be addressed, the
Court does so below.

[3]    Dkt. 1, Complaint ("Compl.").

[4]    *See* Dkt. 29.

[5]    *See Murray* I at 197.

[6]    Dkt. 120.

[7]    Dkt. 127.

Court must read the complaint generously, accept all of the well-plead allegations contained therein as true, and draw all reasonable inferences in a light most favorable to the non-moving party."[8] If a complaint puts the opposing party on notice of the claims being brought against it, its allegations are considered to be well plead.[9] Importantly, "the rules of this Court, even in the context of notice pleading, will not countenance a complaint which rests its claims for relief solely upon conclusory allegations of fact; such allegations will not be accepted as true."[10] A motion to dismiss must be granted if the plaintiff cannot recover under any reasonably conceivable set of circumstances susceptible of proof.[11] In other words, if a complaint is clearly not viable—a determination that can be made as a matter of law or fact—it must be dismissed.[12]

Superior Court Civil Rule 9(b) requires that negligence claims "be stated with particularity."[13] This requirement serves to "(1) provide defendants with enough

[8]     *Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del. Super. 2012) (footnote omitted).

[9]     *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. Apr. 24, 2001), *aff'd*, 812 A.2d 894 (Del. 2002).

[10]     *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2.

[11]     *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 536 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[12]     *Cornell Glasgow, LLC v. LaGrange Properties*, 2012 WL 3157124, at *3 (Del. Super. Aug. 1, 2012).

[13]     Super. Ct. Civ. R. 9(b).

notice to prepare a defense; (2) prevent plaintiffs from using complaints as fishing expeditions to unearth wrongs to which they had no prior knowledge; and (3) preserve a defendant's reputation and goodwill against baseless claims."[14]

Murray's sole remaining claim against BVSPCA in her Amended Complaint is based on Restatement (Second) § 324A. Section § 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> >
> > (b) he has undertaken to perform a duty owed by the other to the third person, or
> >
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[15]

To prevail on a § 324A claim, a plaintiff must first establish that the defendant has undertaken to render services to another for the protection of a third party,[16] and then establish one of the three alternate scenarios under § 324A(a)-(c).

---

[14] *In re Benzene Litig.*, 2007 WL 625054, at *6 (Del. Super. Feb. 26, 2007) (citing *Stuchen v. Duty Free Int'l, Inc.*, 1996 WL 33167249, at *5 (Del. Super. Apr. 22, 1996)).

[15] Restatement (Second) Torts § 324A.

[16] *Id.*; *see also Buyse v. Colonial Sec. Serv., Inc.*, 2012 WL 3025843, at *3 (Del. Super. July 19, 2012). This is distinct from a Restatement (Second) § 323

4

Murray argues she has adequately pleaded a § 324A undertaking on the part of BVSPCA when Louis Pedrago ("Pedrago")[17] surrendered the dog to BVSPCA and requested that it be euthanized with Jacob Lopez's ("Lopez") consent.[18] Murray claims the undertaking was geared toward the protection of Murray, and the public at large, for two reasons: 1) BVSPCA's statutory duties under Delaware animal shelter statutes;[19] and 2) BVSPCA's internal policies and procedures, which "it is required to follow upon the surrender or placement of a dog with its facility."[20]

On the threshold issue of whether the undertaking was done for the protection of a third party, Murray's allegations are simply too attenuated to constitute a § 324A undertaking and are not viable as a matter of law. The Restatement (Second) contemplates a § 324A undertaking as one that is tailored specifically toward, or, at the very least, has a logical connection to, the third party in question.[21] Here,

_____

undertaking, which can be rendered "for the sole protection of the person to whom the undertaking is made." *Doe 30's Mother v. Bradley*, at 457.

[17] Murray argues that the undertaking was rendered both to Pedrago and Lopez, as the dog was owned by Lopez at the time and he gave his consent for Pedrago, his grandfather, to bring the dog to BVSPCA. Though the Court finds it problematic that Murray does not clearly define to whom the alleged undertaking was made, the Court accepts for purposes of this motion to dismiss that the undertaking was done on behalf of Pedrago and Lopez.

[18] *See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") to MTD at 9 (citing Am. Compl. ¶¶ 8, 25(a)-(c)).

[19] *See* 16 *Del. C.* § 3001F *et. seq.*

[20] *See* Am. Compl. ¶ 11–12.

[21] *See Doe 30's Mother v. Bradley*, at 457 (discussing the alleged § 324A undertaking as a specific promise toward the third party and a specific act related

5

BVSPCA alleges that such an undertaking was on behalf of the public at large for an indefinite period of time. In addition, 16 *Del. C.* § 3001F *et. seq.* does not impose a statutory duty upon BVSPCA relating to euthanasia such that it would impose a duty in tort under § 324A, nor are any facts alleged that suggest the same would be true of BVSPCA's internal policies. BVSPCA states that "[a]t most, the factual allegations as pled reflect that the BVSPCA took possession, custody and control of the dog on June 24, 2019 because it was surrendered – and nothing more."[22] The Court agrees.

In addition to failing on the threshold inquiry, Murray's § 324A claim also fails under the three alternate elements of § 324A(a)-(c). Under § 324A(a), Murray must adequately plead that BVSPCA's alleged failure to exercise "reasonable care" in the performance of the alleged undertaking "increase[d] the risk of [ ] harm" to her.[23] For purposes of the Restatement, an increased risk of harm means "some

---

directly to the third party); *see also Patton v. Simone*, 626 A.2d 844, 850–51 (Del. Super. 1992); Restatement (Second) of Torts § 324A cmt. d, illus. 2 ("The A Telephone Company employs B to inspect its telephone poles. B negligently inspects and approves a pole adjoining the public highway. Because of its defective condition the pole falls upon and injures a traveler upon the highway. B is subject to liability to the traveler.").

[22] Defendant's Opening Brief in Support of its Motion to Dismiss ("Def.'s Br."), at 9.

[23] Restatement (Second) Torts § 324A(a).

physical change to the environment or material alteration of the circumstances."[24] In other words, a plaintiff has to "do more than allege that the defendant's failure to perform the undertaking allowed an existing hazard to continue unabated."[25] A duty is only imposed on a defendant "if the risk is increased over what it would have been had the defendant not engaged in the undertaking at all."[26]

Murray alleges in her Amended Complaint that BVSPCA's release of the dog to Lauren Rizzo ("Rizzo") resulted in the attack on Murray and "caused an increased risk of harm to the public and the plaintiff than would have existed" had BVSPCA not taken the dog in.[27] This, however, is not the type of increased harm that § 324A(a) contemplates. A duty does not exist "where the negligence increased the risk over what it would have been had the defendant exercised due care," as such "a duty would exist in every case."[28] Rather, a risk is increased "when a nonhazardous condition is made hazardous through the negligence of a person who changed its condition or caused it to be changed."[29] Here, there is no allegation that the dog was

---

[24] *Patton v. Simone*, 626 A.2d 844, 850–51 (Del. Super. 1992) (citing *Patentas v. United States*, 687 F.2d 707, 717 (3rd Cir. 1982)).

[25] *Doe 30's Mother v. Bradley*, at 459 (citing *Ricci v. Quality Bakers of Amer. Coop. Inc.*, 556 F. Supp. 716, 720 (D. Del. 1983)).

[26] *Id.* (citing *Myers v. United States*, 17 F.3d 890, 903 (6th Cir. 1994)).

[27] Am. Compl. ¶ 25(f).

[28] *Doe 30's Mother v. Bradley*, at 459.

[29] *Id.* at 459 (citing *Howell v. United States*, 932 F.2d 915, 918–19 (11th Cir. 1991)).

made more aggressive as a result of its time at BVSPCA, nor that there was any material change to the dog's nature as a result of BVSPCA's actions. The Amended Complaint makes clear that the dog was aggressive before Pedrago surrendered him to BVSPCA.[30] Accordingly, Murray has failed to state a viable claim under § 324A(a).

Murray has also failed to state a claim under § 324A(b). Section 324A(b) would support the imposition of a duty upon BVSPCA if the Court concludes that BVSPCA had "undertaken to perform a duty owed by [Pedrago or Lopez] to [Murray]."[31] While Murray alleges that BVSPCA undertook to perform a duty owed by Lopez "to [Murray] by accepting the surrender of the animal and having it euthanized,"[32] Murray does not articulate, anywhere in her Amended Complaint, any actionable duty owed to her by either Pedrago or Lopez. In other words, Murray has not alleged any facts that would show a special relationship between herself and Pedrago, or herself and Lopez, such that they would owe her a duty under Delaware law at the time of the attack.

Murray likewise fails to state a claim under § 324A(c). "Section 324A(c) provides that a defendant will be held liable if either the person to whom the

---

[30]    Am. Compl. ¶ 8.

[31]    Restatement (Second) Torts § 324A(a).

[32]    Pl.'s Opp. at 10 (citing Am. Compl. at ¶¶ 8-9, 25(a)-(d)).

defendant's undertaking was made, or the third person whose protection is the subject of the undertaking, suffers harm as a result of 'reliance ... upon the undertaking.'"[33]  The harm under § 324A(c) is "harm [ ] suffered because of the reliance."[34]  Murray has not and cannot plead that she relied upon BVSPCA's alleged undertaking to Pedrago or Lopez because there is no allegation in her Amended Complaint that she knew of it when or after it was allegedly made.

Murray does, however, allege that Rizzo,[35] Pedrago, and Lopez detrimentally relied upon "BVSPCA to prevent the dog from being permitted to re-entering the public."  Because Rizzo was not the person to whom the alleged undertaking was made, her reliance is inconsequential under § 324A(c).  Delaware law requires that in addition to reliance, Murray must show that Lopez and Pedrago's knowledge of BVSPCA's alleged undertaking induced them "to forgo other remedies or precautions against such a risk."[36]  Murray does not allege in her Amended Complaint any such inducement on the part of Lopez or Pedrago.[37] As such, Murray's claim also fails under § 324A(c).

---

[33]  *Doe 30's Mother v. Bradley*, at 460 (citing Restatement (Second) Torts § 324A(c)).

[34]  Restatement (Second) Torts § 324A(c) cmt. e.

[35]  BVSPCA released the dog to Rizzo.

[36]  *See Patton v. Simone*, 626 A.2d 844, 852 (Del. Super. 1992) (citing Restatement (Second) of Torts § 324A, cmt. e; *Patentas*, 687 F.2d at 717)).

[37]  *Compare with Doe 30's Mother v. Bradley*, at 460–61 (finding that plaintiffs had adequately alleged an undertaking under § 324A(c) because the person

## III.  Conclusion

For the foregoing reasons, BVSPCA's motion to dismiss is granted with prejudice.

**IT IS SO ORDERED.**

_____
Meghan A. Adams, Judge

cc:  Prothonotary
Brian T. McNelis, Esq. (by File&ServeXpress)
Darrell J. Baker, Esq. (by File&ServeXpress)
Arthur D. Kuhl, Esq. (by File&ServeXpress)
Kenneth F. Carmine, Esq. (by File&ServeXpress)

---

detrimentally relied on both the undertaking and false assurances from the defendants, and, as a result, took no further action).