# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KENNETH ADAMS,                          )
                                        )
         Petitioner,                    )
                                        )
    v.                                  )    C.A. No.:    N21M-03-100 SKR
                                        )
KATHLEEN JENNINGS,                      )
                                        )
         Defendant.                     )

## ORDER

On this 5th day of August, 2021, upon consideration of Defendant, Kathleen Jennings' ("Defendant") Motion to Dismiss,[1] the Petitioner, Kenneth Adams' ("Petitioner") Response,[2] and the record in this case, it appears to the Court that:

1. On March 18, 2021, Petitioner filed his Petition, which he labels as a Writ of Mandamus, Motion to Compel, and Rule to Show Cause.[3] Petitioner is currently serving a Level IV sentence at Sussex Community Corrections Center, a Delaware Department of Correction ("DOC") facility.[4] In his initial papers, Petitioner asserts that he previously served sixteen years at Level V as part of his criminal conviction sentence and is currently serving his Level IV sentence as the result of a Violation of Probation ("VOP").[5] Petitioner contends that a Level III sentence should have

---

[1] Trans. ID 66525920 [hereinafter "Def.'s Mot."].
[2] Trans. ID 66581788 [hereinafter "Petitioner's Resp."]
[3] Trans. ID 66433075. Petitioner seeks a Writ of Mandamus issued by the Superior Court in order to compel DOC and/or the State of Delaware to show cause why Petitioner "should not be released to a lower supervision of custody to avert his inevitable COVID-19 infection." Id.
[4] Def.'s Mot., Ex. A at 1 ¶ 1.
[5] Id.

been imposed for his VOP to address treatment for Petitioner's alleged substance abuse needs, because programming has been significantly hindered at the incarceration and quasi incarceration level.[6]

2. On April 19, 2021, Defendant filed this Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6).[7] On April 29, 2021, Petitioner filed an Affidavit in Support of Default Judgment.[8] On April 30, 2021, the Court issued a Letter requesting that Petitioner respond to Defendant's Motion to Dismiss.[9] On May 7, 2021, Petitioner filed his Response to Defendant's Motion to Dismiss.[10] On July 16, 2021, the Court denied Petitioner's Motion for Default Judgment.[11] The Court now considers Defendant's Motion to Dismiss.

3. "Delaware courts have consistently applied the Civil Rule 12(b)(6) legal standard when considering motions to dismiss writ of mandamus petitions."[12] On a Motion to Dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[13]

---

[6] Def.'s Mot., Ex. A at 1 ¶ 1.
[7] *See* Def.'s Mot.; *see also* Super. Ct. Civ. R. 12(b)(6).
[8] Trans. ID 66558453.
[9] Trans. ID 66561536.
[10] Trans. ID 66581788.
[11] Trans. ID 66772089.
[12] *Long v. Jennings*, 2021 WL 2134854, at *1 (Del. Super. May 25, 2021) (citing *Shah v. Coupe*, 2014 WL 5712617, *1 (Del. Super. Nov. 3, 2014); *Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, *1 (Del. Super. Dec. 4, 2013)).
[13] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

Even vague allegations are considered well plead if they give the opposing party notice of a claim.[14] The Court must draw all reasonable inferences in favor of the non-moving party;[15] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[16] Dismissal of a complaint under Rule 12(b)(6) must be denied if the plaintiff could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[17]

4. The Court considers Petitioner's request for a Writ of Mandamus. "In deciding a motion to dismiss with respect to a petition for a writ of mandamus, this Court must consider the standards a party must meet in obtaining a writ."[18] "A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty."[19] "The issuance of a writ is within the Court's discretion; it is not a matter of right."[20] To succeed in his request, "the Petitioner must demonstrate that: he [or she] has a

---

[14] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[15] *Id.*

[16] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (internal citation omitted).

[17] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952)).

[18] *Caldwell v. Justice of the Peace Court* No. 13, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).

[19] *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016) (citing *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015)).

[20] *Allen*, 2016 WL 676041, at *2 (quoting *Shah v. Coupe*, 2014 WL 5712617, *1 (Del. Super. Nov. 3, 2014), *aff'd sub nom. Kushal Kalpan Shah v. Coupe*, 113 A.3d 1081 (Del. 2015)).

clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[21]  "A nondiscretionary or ministerial duty must be 'prescribed with such precision and certainty that nothing is left to discretion or judgment.'"[22]  "If the duty is discretionary, the right is doubtful, the power to perform the duty is inadequate or wanting, or if any other adequate remedy exists, then the Petitioner is not entitled to a writ of mandamus."[23]

5.  Petitioner claims that his Eighth Amendment rights were violated as the result of the DOC prison officials' actions in response to the COVID-19 pandemic. The appropriate legal remedy for Petitioner's Eight Amendment constitutional claim is an action brought pursuant to 42 U.S.C. § 1983 in the District Court.[24]  Petitioner has failed to show that he has no other adequate legal remedy available.  Therefore, the Court finds that the issuance of a writ would be improper.

---

[21] *Nicholson v. Taylor*, 2005 WL 2475736, *2, 882 A.2d 762 (Del. 2005) (TABLE).  *See Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015).

[22] *Allen*, 2016 WL 676041, at *2 (citing *Nicholson*, 2005 WL 2475736, *2; *Brittingham*, 113 A.3d 519).

[23] *Id.* (citing *Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, at *1 (Del. Super. Dec. 4, 2013)).

[24] *See Pinkston v. Del. Dept. of Corr.*, 2013 WL 6439360, at *3 (Del. Super. Dec. 4, 2013) (citing *Washington v. Dept. of Corr.*, 2006 WL 1579773, at *2 (Del. Super. May 31, 2006); *Parker v. Kearney*, 2000 WL 1611119, at *5 (D. Del. Aug. 23, 2000) (holding that Petitioner had an adequate legal remedy for his alleged constitutional claims in the form of a District Court action pursuant to 42 U.S.C. § 1983, therefore a writ of mandamus was inappropriate)); *see also Long v. Jennings*, 2021 WL 2134854, at *3 (Del. Super. May 25, 2021); *see also Beeks v. Jennings*, 2021 WL 2349993, at *2 (Del. Super. June 8, 2021).

6. Even if a Petition for Writ of Mandamus was the appropriate remedy for Petitioner to pursue his Eighth Amendment claim, Petitioner has not established that he has any medical need that is being deliberately disregarded by DOC prison officials. "The Eighth Amendment's protection against cruel and unusual punishment requires the government 'to provide medical care for those whom it is punishing by incarceration.'"[25] Specifically, the Eighth Amendment prohibits "the 'deliberate indifference to serious medical needs of prisoners[.]'"[26] "Deliberate indifference encompasses 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'"[27]

7. In *State v. Desmond*,[28] in reviewing an inmate's claim that his incarceration during the COVID-19 pandemic was a violation of his Eighth Amendment Rights,[29] the Superior Court held that the inmate's motion did "not indicate that he ha[d] been denied access to medical care or that [DOC] . . . interfered with any prescribed medical treatment as a result of [DOC's] response to the COVID-19 pandemic."[30] On this basis, the Court held that the inmate failed to establish any serious medical

---

[25] *Szubielski v. Correct Care Solutions, LLC*, 2014 WL 5500229, at *2 (Del. Ch. Oct. 31, 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). *See State v. Bednash*, 2020 WL 2917305, at *1 (Del. Super. June 3, 2020).
[26] *Bednash*, 2020 WL 2917305, at *1 (citing *Johnson v. Connections Cmty. Support Programs, Inc.*, 196 A.3d 412, 2018 WL 5044331, at *2 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).
[27] *Szubielski*, 2014 WL 5500229, at *3.
[28] 2020 WL 7630768, at *2 (Del. Super. Oct. 21, 2020).
[29] *Id.*
[30] *Desmond*, 2020 WL 7630768, at *2.

need and merely indicated that he dealt with unspecified health issues.[31]  Similarly, in this case, Petitioner fails to plead any factual basis alleging that he is currently infected or suffering.  Instead, he argues that the risk of contraction of COVID-19 alone is sufficient to meet the requirements under the Eighth Amendment. Defendant fails to establish that he has a serious medical need which has been disregarded by the DOC.

8.    Additionally, Petitioner fails to identify that DOC, or any specific personnel, were subjectively deliberately indifferent to any medical need that he may have incurred.  Instead, Petitioner points to Facebook posts, unidentified New Journal Articles, and makes vague assertions regarding overcrowding and deliberate indifference of prison officials in DOC facilities.  The Court finds these references to be conclusory in nature and insufficient to support a claim of deliberate indifference.  Petitioner has not offered any factual basis for this claim that the DOC has intentionally denied or delayed his access to required medical care in violation of the Eighth Amendment.  Further, the Court notes that DOC has undergone various efforts and steps to prevent and minimize the spread of COVID-19 within the correctional institutions, since the inception of the pandemic.  Defendant's risk as it pertains to COVID-19 is no greater while incarcerated, than it is to the general

---

[31] *Id.*

public. Thus, the Court does not find that the Eighth Amendment affords Defendant the relief he seeks. For these reasons, the Court finds that Petitioner's Motions lack merit and fail on the foregoing bases. Thus, Defendant's Motion to Dismiss is **GRANTED**.

      **IT IS SO ORDERED.**

                              Sheldon K. Rennie, Judge

Cc:    Anna E. Currier, DAG, Department of Justice, Wilmington, DE.
       Kenneth Adams (SBI#00260380), SCC, Georgetown, DE.