COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LOREN MITCHELL
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

January 12, 2024

Paula H. Smith
10 Ironwood Drive
Newark, DE 19711

Melanie J. Thompson, Esquire
CoraAnn M. Foley, Esquire
Orlans PC
4250 Lancaster Pike, Suite 140
Wilmington, DE 19805

Re: *Paula H Smith v. Federal National Mortgage Association (Fannie Mae)*, C.A. No. 2023-0653-LM

Dear Counsel & Parties:

Pending before me is a motion to dismiss an action seeking to quiet title due to adverse possession. The Defendant argues that the Plaintiff fails to state a claim for adverse possession due to her inability to meet the statute's twenty-year occupancy requirement. I agree and recommend that the motion be granted, and this action dismissed, for this reason. This is my final report.

## I.    BACKGROUND[1]

Petitioner Paula H. Smith ("Smith") seeks title to a parcel of land located at 10 Ironwood Drive, Newark, Delaware 19711 (the "Property").[2] Smith avers she

---

[1] Unless otherwise noted, the facts recited herein are taken from the Complaint. Docket Item ("D.I.") 1.

[2] D.I. 1 at 1.

had been "maintaining the property, doing repairs,…replace[d] broken well pump, replace[d] piping in septic tank, replace[d] nonwork[ing] HVAC system, paying property tax and HOA fees including back HOA fees[,] and bi-weekly landscaping."[3] But she has never been the record owner.

The property was originally owned by Brenda and Charles Ferris.[4] Petitioner asserts that the property was subject to Sheriff Sale on November 9, 2016.[5] It was subsequently deeded to Federal National Mortgage Association ("Fannie Mae") as a buyback on or around January 27, 2017.[6] The Petitioner asserts she has attempted to purchase the property since April of 2018.[7] She alleges she obtained the property by adverse possession on February 4, 2020.[8]

Smith filed this Petition for Quiet Title by adverse possession on June 26, 2023.[9] On July 17, 2023, Fannie Mae timely responded to the Complaint, moving to dismiss it in full, for failure to state a claim (the "Motion").[10]

---

[3] D.I. 1, Page 3.

[4] D.I. 4, Page 3.

[5] *Id.*

[6] D.I. 4, Ex. A.

[7] *Id.*

[8] D.I. 1, Page 3.

[9] D.I. 1.

[10] D.I. 10.

In her response to the Motion, Smith represents that she has attempted to purchase the house and applied for a mortgage.[11] She adds that she has made efforts to work with Fannie Mae and details her communications with Fannie Mae regarding the purchase since April 2018. Nonetheless, she maintains in her response to the Motion that she obtained the property by adverse possession on February 4, 2020.

## II.  ANALYSIS

Fannie Mae moves under Court of Chancery Rule 12(b)(6), arguing that the property cannot be obtained via an adverse possession claim as Smith failed to plead a reasonably conceivable claim of adverse possession. The standards governing a motion to dismiss for failure to state a claim are settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and ([iv]) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[12]

Although "[t]he Court will view pleadings filed by *pro se* litigants with forgiving eyes… proceeding *pro se* will not relieve Plaintiffs of their obligation to

---

[11] D.I. 11 ¶ 5.

[12] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002) (quotation marks and citations omitted).

'allege sufficient facts to state a plausible claim for relief' or 'to present and support cogent arguments warranting the relief sought.'"[13]

Based on her Petition, Smith is unable to prove she is reasonably entitled to recover under a claim for adverse possession. The elements of adverse possession require the Petitioner to show that she "openly, exclusively, notoriously, continuously and adversely" possessed the property in dispute for 20 years.[14] If any element is unsupported, the claim should be dismissed.

Smith avers that she has been "maintaining the property, doing repairs,…replace[d] broken well pump, replace[d] piping in septic tank, replace[d] nonwork[ing] HVAC system, paying property tax and HOA fees including back HOA fees[,] and bi-weekly landscaping."[15] Even with forgiving eyes and viewing the Petition in a light most favorable to Smith, Smith has failed to adequately plead actual possession of the Property for more than twenty (20) years. This alone is sufficient to grant the Motion without an analysis of the remaining elements.

---

[13] *Hall v. Coupe*, 2016 WL 3094406, at *2 (Del. Ch. May 25, 2016) (internal citations omitted).

[14] *Acierno v. Goldstein*, 2004 Del. Ch. LEXIS 82, at *23 (Del. Ch. June 29, 2004); *Tumulty v. Schreppler*, 132 A.3d 4, 24 (Del. Ch. 2015).

[15] D.I. 1, page 3.

Even if I were to consider the additional documentation[16] Smith submitted with her Response to the Motion to Dismiss and the follow up letter and attachments, Smith consistently maintains that she has only occupied the property since February 4, 2020.[17] As she is unable to establish that she has occupied the property for more than 20 years, Smith has failed to plead a reasonably conceivable claim of adverse possession and, therefore, her claim should be dismissed.

## III.   CONCLUSION

For the above reasons, I find the Motion should be granted.  Based on the allegations in the Petition, Smith would not be able to plead a reasonably conceivable claim of adverse possession.  Thus, the Petition should be dismissed.  This is my final report, and exceptions may be filed under Court of Chancery Rule 144.

Respectfully submitted,

/s/ *Loren Mitchell*

Magistrate in Chancery

---

[16] I decline to include the additional documentation filed by the Petitioner as they are not integral to the claim. *See Fortis Advisors LLC v. Allergan W.C. Holdings, Inc.*, 2019 WL 5588876, at *3 (Del. Ch. Oct. 30, 2019) ("On a motion to dismiss, the Court may consider documents that are integral to the complaint, but documents outside the pleadings may be considered only in particular instances and for carefully limited purposes. Whether a document is integral to a claim and incorporated into a complaint is largely a facts-and-circumstances inquiry. Generally, a document is integral to the claim if it is the source for the . . . facts as pled in the complaint.") (citations and quotation marks omitted).

[17] D.I. 11 and D.I. 12