**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CLX LOGISTICS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | C.A. No. N25C-08-223 FJJ |
| CHASE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON THE PARTIES RESPECTIVE MOTIONS TO DISMISS**

In this breach of contract action, each party has sued the other for breach. Each party has filed a Motion to Dismiss. This is the Court's decision on the respective Motions to Dismiss.

1. On November 23, 2022, Plaintiff, CLX Logistics, LLC, ("CLX") and Defendant, Chase Corporation ("Chase") entered into an agreement for a term of 60 months which contained a termination clause.[1] This agreement is titled "Master Transportation Services Agreement ("Agreement"). Under this Agreement CLX would provide logistic services to Chase.[2]

2. The terms of the termination clause are found at paragraph 16 of the Agreement.[3] The termination clause provides in relevant part:

> In addition to all other rights and remedies afforded the Partes under this agreement …, this Agreement may be terminated before its then current expiration date of a non-breaching part in the event of … (ii) a material breach by the other Party that remains uncured for a period of thirty (30) days following its

---

[1] Complaint ¶¶4 and 6.
[2] Complaint ¶5.
[3] Complaint ¶7.

1

receipt written notice thereof from the non-breaching Party, provided that failure by the SHIPPER of the terms of payment described herein shall be corrected by SHIPPER within fifteen (15) days of receipt of notice from CONTRACTOR.

3. The other provision of the contract that is relevant to the instant motion is the Dispute Resolution of the parties' contract found at paragraph 9 of the contract. This provision provides the following:

> The Parties shall attempt to settle any dispute between them amicably prior to seeking a judicial resolution. To invoke the dispute resolution process, the Party seeking to invoke amicable resolution shall give to the other Party written notice of its decision to do so, including a description of the issues subject to the controversy or dispute and a proposed resolution thereof. Designated representatives of each Party shall attempt to resolve the controversy or dispute within ten (10) business days after receipt of such notice. If those designated representatives cannot resolve the controversy or dispute and their respective proposals for resolution to their respective Chief Operating Officer or other designated person with comparable authority who shall act in good faith to resolve the controversy or dispute. If the controversy or dispute is not resolved within ten (10) business days after such meeting, the Parties will engage an independent consultant to mediate the controversy or dispute and the costs of the independent consultant shall be shared equally by the Parties, provided that if the Parties cannot so agree to engage an independent consult either Party may seek appropriate remedy in a court of competent jurisdiction. However, nothing in this clause shall preclude any Party from commencing suit if said negotiations do not reach a resolution within thirty (30) days after written notice that the negotiations have commenced.

4. On November 26, 2024, Chase provided CLX with a termination letter

citing "lack of performance" as the reason for terminating the agreement.[4]

5. On December 2, 2024, CLX responded to Chase's termination letter asserting it was not in breach and pointed Chase towards the termination clause in their agreement. This correspondence included the claim that Chase was still responsible for all fees and payments under the agreement.[5]

6. On or about January 2, 2025, Chase stopped sending orders to CLX.[6]

7.  CLX sent a letter to Chase on January 6, 2025, asking to meet to discuss the situation and again pointing them towards the dispute resolution and termination sections of their agreement.

8. On August 22, 2025, CLX filed suit against Chase alleging breach of contract.

9. On December 4, 2025, Chase answered CLX's complaint and counterclaimed alleging breach of contract.

10. On December 22, 2025, CLX filed a motion to dismiss Chase's counterclaims.

11. On February 10, 2026, Chase filed an opposition to CLX's motion to dismiss and filed a Motion to Dismiss CLX's complaint.

12. A complaint (or a counterclaim) must contain "a short and plain statement

---

[4] Complaint ¶10, Exhibit B.
[5] Complaint ¶11, Exhibit C.
[6] Complaint ¶13.

of the claim showing that the pleader is entitled to relief."[7] To survive a motion to dismiss for failure to state a breach of contract claim, a plaintiff must demonstrate the existence of a contract, breach of an obligation imposed by that contract, and resulting damage to the plaintiff.[8] An allegation that is "vague or lacking in detail" can still be "well-pleaded" if it puts the opposing party on notice of the claim.[9] On a motion to dismiss, the Court applies the following standard:

> When reviewing a ruling on a motion to dismiss, [the Court] (1) accept[s] all well pleaded factual allegations as true, (2) accept[s] even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw[s] all reasonable inferences in favor of the non-moving party, and (4) do[es] not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[10]

13. Chase moves to dismiss CLX's complaint maintaining that the contract was properly terminated. Whether Chase properly terminated the agreement rises or falls on whether there was a material breach of the contract. CLX has properly pled a breach of contract claim against Chase and the case is not subject to dismissal at this point.

---

[7] Superior Court Rule 8(a)(1).
[8] *VLIW Technology, LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (citing *Winston v. Mandor*, 710 A.2d 835, 840 (Del. Ch. 1997)).
[9] *Id.* (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894 (Del. 2002)).
[10] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011) (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002)).

4

14. CLX challenges Chase's counterclaim arguing that the counterclaim should be dismissed because the claim is conclusory. Unlike a fraud claim, there is no requirement that a breach of contract claim be pled with specificity; what is required is that the complaint put the opposing party on notice of the allegations against it.[11] The complaint accomplishes this requirement. CLX, through discovery, can determine the specifics of Chase's claim that CLX was not timely with picking up and delivering shipments on time.

15. Each side claims the other failed to comply with the Dispute Resolution Provision barring each from asserting a breach of contract claim. CLX argues that Chase violated the Dispute Resolution provision. In response, Chase argues for dismissal and that CLX did not invoke the Dispute Resolution provision.[12] Under the "objective' theory of contracts, a contract's construction should be that which would be understood by an objective, reasonable third party.[13]

When interpreting a contract, this Court "will give priority to the parties' intentions as reflected in the four corners of the agreement," construing the agreement as a whole and giving effect to all its provisions. "Contract terms themselves will be controlling when they

---

[11] *VLIW*, 840 A.2d at 611-12.
[12] Chase's opposition to motion to dismiss page 5.
[13] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010).

establish the parties' common meaning so that a reasonable person in the position of either party would have no expectations inconsistent with the contract language." "Under standard rules of contract interpretation, a court must determine the intent of the parties from the language of the contract."[14]

The Dispute Resolution provision states that the parties "shall" attempt to settle any dispute between them amicably prior to seeking a judicial resolution.[15] To invoke the Dispute Resolution process the party "shall" give written notice to the other, including a description of the issue and proposed solution.[16] The use of the term "shall" set a condition precedent to seeking a judicial resolution. Therefore, a party must give written notice of their decision to invoke the provision which includes a description of the issue and proposed solution prior to seeking a judicial resolution.

CLX alleges that Chase did not follow the provision when Chase sent their November 26, 2024, letter terminating the Agreement.[17] CLX alleges that the Chase failed to give them written notice of the issue and thus, an opportunity to settle the dispute.[18] By purporting to terminate the Agreement rather than

---

[14] *Salamone v. Gorman*, 106 A.3d 354, 368 (Del. 2014).
[15] Exhibit A §9.
[16] Exhibit A §9.
[17] Complaint ¶11.
[18] Complaint ¶11.

6

following the steps outlined in the Dispute Resolution provision, CLX properly pled a violation of the Dispute Resolution provision.

Chase argues that CLX did not invoke the Dispute Resolution provision. The facts, taken in a light most favorable to the Chase, show that the email sent on January 6, 2025, by a representative of CLX gave notice to the Chase of their intention to invoke the provision.[19] This email contained a description of the claimed issue, violation of the contractual process, and proposed a solution in the form of a meeting between the parties.[20] Thus, CLX has properly pled their invocation of the provision.

16. Each party will have the right to raise issues that surround the Dispute Resolution provision at the summary judgement stage after a more complete record has been established.

**IT IS SO ORDERED** this 13th day of March, 2026.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File & ServeXpress

---

[19] Exhibit D, Complaint ¶14.
[20] Exhibit D.